**Gary ANDERSON, Petitioner,**

v.

**DEPARTMENT OF JUSTICE, Respondent.**

No. 93–3125.

United States Court of Appeals, Federal Circuit.

Aug. 3, 1993.

ure was a circumstance beyond his control.

Gary R. Anderson, submitted Pro Se.

Ross D. Cooper, Trial Atty., Commercial Litigation Branch, Dept. of Justice, Washington, DC, submitted for respondent. With him on the brief were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director and Sharon Y. Eubanks, Asst. Director.

Before NIES, Chief Judge, RICH and LOURIE, Circuit Judges.

LOURIE, Circuit Judge.

Gary Anderson petitions for review of the August 25, 1992 decision of the Administrative Judge (AJ), No. PH0752920472–I–1, dismissing his appeal as untimely filed. 56 M.S.P.R. 36. The AJ's decision became the final decision of the Merit Systems Protection Board when the Board denied review on November 30, 1992. Because we conclude that the AJ abused her discretion in determining that Anderson failed to show good cause for his untimely filing, we reverse and remand.

## BACKGROUND

On May 15, 1992, the Department of Justice removed Anderson from his position as a correctional officer at the Federal Bureau of Prisons on the ground that he had falsified employment documents and security investigation forms. Anderson's removal was effective May 22, 1992, and the letter of removal informed him that any notice of appeal to the Board had to be filed no later than twenty calendar days after the effective date. *See* 5 C.F.R. § 1201.22(b) (1993). Accordingly, Anderson was required to file his appeal by June 11, 1992. Anderson filed his appeal on June .12, 1992, one day late, and the AJ ordered him to show good cause for the delay. *See* 5 C.F.R. § 1201.22(c) (1993).

Anderson responded to the AJ's order, attributing his delay to circumstances beyond his control. Specifically, he stated that he was hospitalized from May 11, 1992 until June 4, 1992, during which time he was unable to contact or meet with a legal representative. He stated that after his release from the hospital he was unable to establish contact with his legal representative until June 8 and accordingly he was unable to meet the filing deadline. He established contact with his representative on June 8 and his appeal was filed one day late.

The AJ declined to waive the time limit. Acknowledging that a one-day delay is "minimal," the AJ nevertheless concluded that Anderson's inability to obtain a representative did not establish good cause and that he had failed to show that he exercised ordinary prudence and diligence. The AJ thus dismissed the appeal as untimely filed.

## DISCUSSION

"[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board. On appeal, we will disturb the grant or denial of such a waiver only if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Mendoza v. Merit Sys. Protection Bd.*, 966 F.2d 650, 653 (Fed.Cir.1992) (in banc) (citations omitted); *see* 5 U.S.C. § 7703(c) (1988). We believe such an abuse is present here.

Anderson argues that the AJ abused her discretion in failing to take into consideration the rules restricting visitation and phone calls of the alcohol and drug abuse treatment

center in which he was hospitalized. Anderson also states that the AJ failed to consider the fact that after he left the hospital he was unable to contact his legal representative during the four days prior to June 8, which included a weekend.

We agree. "Delay is excusable where, under the circumstances, a petitioner exercised diligence or ordinary prudence." *Mendoza*, 966 F.2d at 653. In *Yuni v. Merit Systems Protection Board*, 784 F.2d 381, 384 (Fed. Cir.1986), we endorsed the Board's standards guiding its consideration as to whether good cause exists as set forth in *Alonzo v. Department of Air Force*, 4 MSPB 262, 4 M.S.P.R. 180, 184 (1980). *See also Ceja v. United States*, 710 F.2d 812, 813–14 (Fed.Cir.1983).

In *Alonzo* the Board recognized the strong policy favoring a hearing on the merits, and stated that " 'good cause' is an elastic concept [which] entitles the employee to the application of the broad equitable principles of justice and good conscience." 4 M.S.P.R. at 183–84 (citation omitted). The Board stated:

> If the employee gives a reasonable excuse for the delay, such excuse should be accepted by the presiding official, absent a showing of substantial prejudice to the agency caused by the delay in filing. The appellant need not show an utter impossibility, but only that the delay was excusable in light of the particular facts and attending circumstances where diligence or ordinary prudence has been exercised.

4 M.S.P.R. at 184. Relevant to this determination is, *inter alia*, the length of the delay and whether there existed circumstances beyond the control of the appellant affecting his ability to comply with the time limit. *Id.* The Board concluded that Alonzo's four-day delay was excusable because the unavailability of his legal representative was a circumstance beyond his control and the agency was not prejudiced by the delay.

Similarly, in this case, Anderson responded to the AJ's order to show cause, stating that his one-day delay was due to circumstances beyond his control. Specifically, for the first seven days of his hospital stay Anderson was not allowed to send or receive mail, make or receive phone calls, or have visitors. After that initial period, visitation was limited to immediate family members, and Anderson was permitted to make phone calls only after regular business hours. These rules effectively precluded Anderson from contacting or meeting with his legal representative while he was in the hospital. Anderson stated that after he left the hospital he diligently pursued his appeal, but was unable to contact his legal representative until June 8.

The government argues that Anderson had one full week to file his appeal after he was released from the hospital and that he failed to act diligently and with ordinary prudence in filing his appeal on time. We do not agree, since Anderson stated that he took action toward filing his appeal immediately upon his release from the hospital but was unable to contact his representative. These circumstances collectively constitute a reasonable excuse for Anderson's delay and the government has not alleged that it was prejudiced by the minimal delay.

■ This case is distinguishable from *Mendoza*, in which the petitioner filed her appeal approximately five weeks late and "simply and completely ignored" the AJ's order to show good cause. 966 F.2d at 653. Here, Anderson responded to the AJ's order in a timely manner with a statement explaining precisely why he was unable to file his appeal on time. One who is hospitalized is entitled to give primary consideration to recovery of his health without being considered to lack diligence in showing good cause. Moreover, finding an attorney within four days of release from a hospital is not unreasonable. Further, the evidence shows the attorney diligently acted on the case in promptly preparing the appeal. The attorney stated that he took the papers to Anderson for signature the evening of June 10, 1992, and that he deposited the papers in the mail that night, although they were not postmarked until the next day. We presume the attorney is mistaken in stating that he mailed the papers on June 10 and that these events occurred on the eleventh. Nevertheless, we conclude this minor inconsistency does not outweigh the clear diligence otherwise shown by both Anderson and his attorney. A holding of lack of good cause under these circumstances is equivalent to requir-

ing a showing that it was impossible to appeal in time, which is not the law. In view of the minimal delay, the reasonableness of the excuse, and the lack of prejudice to the government, it was an abuse of discretion for the AJ not to waive the time limit for good cause.

### CONCLUSION

For the foregoing reasons, we reverse the Board's dismissal and remand for proceedings on the merits.

### COSTS

Costs to Anderson.

*REVERSED AND REMANDED.*