**Carlton A. WALLS, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 93–3243.

United States Court of Appeals, Federal Circuit.

July 26, 1994.

**1580**

Raymond M. Burse, Wyatt, Tarrant & Combs, Louisville, KY, submitted for petitioner. With him on the brief was Holliday Hopkins Thacker.

Sherry Armstrong, Merit Systems Protection Board, Washington, DC, submitted for respondent. With her on the brief were Mary L. Jennings, Deputy Gen. Counsel and David C. Kane, Asst. General Counsel. Of counsel were Jeanne E. Davidson and David M. Cohen, Dept. of Justice.

Before ARCHER, Chief Judge,* SMITH, Senior Circuit Judge, and MAYER, Circuit Judge.

EDWARD S. SMITH, Senior Circuit Judge.

Carlton A. Walls petitions for review of the 22 October 1992 decision of the Administrative Judge (AJ), Docket No. SL0752920366–I–1, which dismissed the appeal of his discharge from the United States Postal Service (Agency) as untimely filed. The AJ's initial decision became the final decision of the Merit Systems Protection Board (Board) on 3 February 1993 when the Board denied review of the initial decision, 56 M.S.P.R. 361. Because we conclude that the AJ abused his discretion in determining that petitioner failed to show good cause for his

untimely filing, we reverse and remand for a proceeding on the merits.

### Issue

The dispositive issue here is whether the AJ abused his discretion in determining that language in the Agency's removal letter stating that Walls "ha[d] the right to appeal [his removal] ... within twenty (20) days from the effective date of th[e removal]" was sufficiently unambiguous under the circumstances to preclude petitioner's showing of good cause for his untimely filing. Petitioner contends that ambiguity in the meaning of the word "days" in the removal letter—petitioner construed "days" to mean "working days," not "calendar days" as intended by the Board—renders the Agency's notice of his appeal rights incomplete and ineffective, thereby constituting good cause, beyond his control, for his two-day tardiness in filing. The Board contends that its regulations regarding appeals brought before it, a copy of which was attached to the Agency's removal letter sent to Walls, clearly establish that "days" means "calendar days," thereby making petitioner's filing delay inexcusable.

### Procedural History

After charging Walls with falsifying medical documentation and with being absent without leave, on 15 May 1992 the Agency notified petitioner of its intention to remove him from the position of Mail Handler in Louisville, Kentucky. Despite evidence of extenuating circumstances proffered by Walls in his defense, the Agency issued a decision letter on 1 June 1992 removing him from employment effective 15 June 1992. The removal letter advised Walls of his "right to appeal this decision in writing to the Merit Systems Protection Board ... within twenty (20) days from the effective date of this decision," as provided for in 5 C.F.R. § 1201.22(b) (1992), and also informed petitioner that "[a]ttached for your reference are a copy of the Merit Systems Protection Board regulations and a copy of the appeal form." Included in the Board regulations attached to Walls's removal letter was 5 C.F.R. § 1201.4(h) (1992), which defines

---

* Chief Judge Archer assumed the position of Chief Judge on March 18, 1994.

"day" as "calendar day" for purposes of calculating the twenty-day period referenced in subsection 1201.22(b). Also included was 5 C.F.R. § 1201.23 (1992), which provides a sample calculation of the twenty-day filing period. The last day that petitioner could timely file under subsection 1201.22(b) was 6 July 1992.[1]

Proceeding *pro se*, Walls filed his appeal with the Board on 8 July 1992, two days after the filing deadline. Upon receipt of the appeal, the AJ notified petitioner that the appeal appeared to be untimely and ordered him to show good cause for the filing delay. In response Walls explained that he had interpreted "days" in the removal letter *to* mean "working days" because federal agencies were closed on weekends and because the letter had not specified "calendar days." He further asserted that his appeal was indeed timely because he filed it prior to 13 July 1992, the deadline for filing within twenty "working days" of the effective date of his removal. Finally, Walls also presented evidence of stress and emotional strain associated with his young daughter's unwanted pregnancy.

In rendering the Board's initial decision on 22 October 1992, the AJ rejected petitioner's arguments, dismissed his appeal as untimely, and concluded not only that Walls's misunderstanding did "not constitute good cause for waiver of the Board's timeliness regulation" but also that Walls had "failed to demonstrate that he utilized either ordinary prudence or due diligence in appealing his removal." The Board's initial decision became final on 3 February 1993 when the full Board denied Walls's petition for review for failure to meet review criteria set forth at 5 C.F.R. § 1201.115 (1993). This appeal followed.

*Good Cause for Waiver of Filing Deadline*

The system for appellate review of civil service agencies' decisions was enacted under Title II of the Civil Service Reform Act of 1978, Pub.L. No. 95–454, 92 Stat. 1111 (appeals process codified as amended at 5 U.S.C. §§ 7701–7703 (1988 & Supp. IV 1992)). Pursuant to 5 U.S.C. § 7701(a), (k) (1988 & Supp. IV 1992), the Board promulgates regulations to carry out the purposes of the appeals process as intended by Congress under this Act. In its decision letter informing an employee of his impending removal, the agency must provide the employee with "[n]otice of the time limits for appealing to the Board [and a] ... copy, or access to a copy, of the Board's regulations." 5 C.F.R. § 1201.21(a), (c) (1993). An employee wishing to appeal an agency removal action must file the appeal "during the period beginning on the day after the effective date of the action ... and ending 20 days after the effective date," *id.* § 1201.22(b), with "days" being construed as "calendar days" for purposes of the filing deadline determination, *id.* § 1201.4(h). The time limit for appealing an agency action to the Board may be waived by the Board if the petitioner demonstrates, by preponderant evidence, good cause for such waiver. *See id.* §§ 1201.12, .22(c), .56(a)(2)(ii).

■ "[W]hether the regulatory time limit for an appeal [of an agency action] should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. Merit Systems Protection Bd.*, 966 F.2d 650, 653 (Fed.Cir.1992). We review decisions of the Merit Systems Protection Board under a narrow standard prescribed by statute. We must affirm the Board's decision to deny a good cause waiver of the subsection 1201.-22(b) filing deadline in this case unless the decision is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1988);

1. The twenty-day filing period actually expired on 5 July 1992. However, because 5 July fell on a Sunday, Walls actually had until 6 July to file his appeal. *See* 5 C.F.R. § 1201.23 (1992). We note with interest that the closing of federal agencies on weekends and federal holidays—one of the reasons asserted by Walls for his interpretation of "days" in section 1201.22(b) as "working days"—ostensibly formed the basis for the Board's willingness, in section 1201.23, to allow petitioners additional filing time when expiration of the twenty-day filing period occurs on a weekend or on a federal holiday.

*see Beardmore v. Department of Agriculture,* 761 F.2d 677, 679 (Fed.Cir.1985), *modified on other grounds,* 788 F.2d 1537 (Fed.Cir.1986) (attorney fees and expenses awarded petitioner under Equal Access to Justice Act).

■ The Board has acknowledged that its "regulations include no specific criteria for determining when good cause has been shown for waiving the time limitation on the filing of an appeal." *Alonzo v. Department of the Air Force,* 4 MSPB 262, 4 M.S.P.R. 180, 184 (1980). Furthermore, the Board has also noted that policy considerations counsel against dismissals for untimely filing and militate for providing employees with a hearing on the merits of their appeals, *id.,* 4 M.S.P.R. at 183 (citing S.Rep. No. 969, 95th Cong., 2d Sess. 24, 51 (1978), *reprinted in* 1978 U.S.C.C.A.N. 2723, 2746, 2773), and that "broad equitable principles of justice and good conscience" should be applied in good cause determinations, *id.* 4 M.S.P.R. at 184. "If the employee gives a reasonable excuse for the delay, such excuse should be accepted by the presiding official, absent a showing of substantial prejudice to the agency caused by the delay in filing." *Id.* Finally, the Board has identified the following factors, not necessarily all-inclusive, that should be considered by the AJ in determining whether a good cause waiver of the filing deadline should be granted:

> the length of the delay; whether appellant was notified of the time limit or was otherwise aware of it; the existence of circumstances beyond the control of the appellant which affected his ability to comply with the time limits; the degree to which negligence by the appellant has been shown to be present or absent; circumstances which show that any neglect involved is excusable neglect; a showing of unavoidable casualty or misfortune; and the extent and nature of the prejudice to the agency which would result from waiver of the time limit.

*Id.* (footnotes omitted). "Excusable neglect" is neglect that a reasonably prudent person might manifest under the circumstances. *Id.* n. 1. "Unavoidable casualty or misfortune" is not preventable by "the exercise of reasonable skill and diligence or human prudence or foresight." *Id.* n. 2. "Prejudice to the agen-cy" relates to the agency's inability to adequately and effectively defend its action because of appellant's untimely filing. *Id.* n. 3.

We previously have recognized the efficacy of the *Alonzo* factors in good cause determinations by the Board. *See Yuni v. Merit Systems Protection Bd.,* 784 F.2d 381, 384 (Fed.Cir.1986) (holding that good cause waiver was appropriate because petitioner demonstrated due diligence in filing within twenty days of a dispositive Board decision in a related case); *Ceja v. United States,* 710 F.2d 812, 813–14 (Fed.Cir.1983) (holding that good cause waiver was appropriate because the agency's "threat of retaliation by criminal prosecution for the exercise of petitioner's legal right to appeal was a reasonable excuse for not meeting the regulatory time limit."). Therefore, we will utilize these factors in analyzing the AJ's denial of the good cause waiver in the case before us.

■ In rendering the Board's initial decision, the AJ truncated his analysis of the "length of delay" factor by asserting that "regardless of how minimal the delay, [the Board] will not waive its timeliness regulations in the absence of a showing that there is good cause for the appeal being filed untimely." No further discussion of the minimal nature—only two days—of Walls's filing delay is found. Both *Alonzo* and our precedent instruct that the AJ should consider "length of delay" in every good cause determination, not that the AJ should summarily dismiss the minimal nature of the delay in his preliminary inquiry leading to that determination. In *Anderson v. Department of Justice,* 999 F.2d 532 (Fed.Cir.1993), we concluded that "[r]elevant to th[e good cause] determination is ... the length of delay." *Id.* at 534. Furthermore, we held that, "[i]n view of the minimal [one-day] delay," among other considerations, a good cause waiver of the subsection 1201.22(b) filing deadline was warranted. *Id.* at 535. Similarly, in this case, we find that the minimal nature of Walls's filing delay is a consideration in his favor; it indicates not only an absence of negligence on part of petitioner but also that he demonstrated due diligence and ordinary prudence in filing the appeal within the regulatory time period as construed by him.

In response to the AJ's finding that the Agency provided adequate notice to petitioner of the time limits for appealing to the Board, petitioner asserts that the "within twenty (20) days" notice provided in the Agency's decision letter was not effective notice—notwithstanding inclusion of a sample filing period calculation within the Board regulations attached to the letter—because "days", absent further qualification, is subject to reasonable misinterpretation and because petitioner, proceeding *pro se*, was not directed to the sample calculation amidst twenty-six pages of rules and regulations "[a]ttached for [petitioner's] reference." We agree. In filing his appeal of an agency removal action, we do "not expect a *pro se* litigant to be made to jump through a confusing array of procedural hoops." *Mendoza,* 966 F.2d at 653. Furthermore, we note that the Board itself, ostensibly in an effort to provide unambiguous notice of the applicable filing period for appeals of its initial decisions as set forth in 5 C.F.R. § 1201.114(d) (1993), requires that the "date upon which the decision will become final" be contained in the initial decision rather than a mere reference to the thirty-five day filing period. *Id.* § 1201.111(b)(5). Also, final decisions of the Board notify appellants that they have "30 calendar days" to appeal the decision to the United States Court of Appeals for the Federal Circuit. A number of civil service agencies have followed the Board's lead in providing unambiguous notice, in decision letters to petitioners, of "twenty calendar days" as the time period for appealing agency actions to the Board. *See, e.g., Anderson v. Department of Justice,* 999 F.2d 532, 533 (Fed.Cir. 1993) (Federal Bureau of Prisons); *Miller v. Department of the Army,* 987 F.2d 1552, 1553 (Fed.Cir.1993) (U.S. Army Reserve); *Huey v. Department of Health & Human Servs.,* 782 F.2d 1575, 1576 (Fed.Cir.1986) (Social Security Administration).

The AJ relied on Board decisions in *Kolb v. Department of the Navy,* 43 M.S.P.R. 100 (1990), and in *Kortz v. Office of Personnel Management,* 45 M.S.P.R. 496 (1990), in finding that petitioner's misinterpretation of the "twenty (20) days" notice included in the Agency's decision letter was "insufficient to constitute excusable neglect." The Board also cites *Kolb* in its brief. By the Board's own admission, *Kolb* "shall have no precedential effect, except for cases involving identical issues and indistinguishable facts." *Kolb,* 43 M.S.P.R. at 104 n. 2. *Kolb* clearly is distinguishable from the case before us. In *Kolb* petitioner was provided the actual deadline date for filing his petition for review whereas Walls was provided a time period within which to file his appeal. While a date is inherently unambiguous, a time period specified in "days" may not be. *Kortz* is distinguishable because petitioner in that case also was provided a deadline date for filing; he initially filed a deficient petition for review, was two days late in refiling his revised petition, and did not timely respond to the Board's notice affording petitioner the opportunity to show good cause for his late filing.

In *Shiflett v. United States Postal Serv.,* 839 F.2d 669 (Fed.Cir.1988), we held that the agency's failure to provide notice to petitioner of her appeal rights, without more, constituted good cause for her untimely filing. *Id.* at 674. *Shiflett* involved a "flagrant violation of the regulations by the [agency] in failing to give petitioner notice of her appeal rights." *Id.* at 673. The notice shortcomings in the case before us are somewhat less egregious; however, in light of the foregoing discussion, we conclude that the "within twenty (20) days" notice provided to Walls in the Agency's decision letter is sufficiently ambiguous under the circumstances to not properly discharge the Agency's notice obligation to petitioner as set forth at 5 C.F.R. § 1201.21(a) (1993). *See Waldau v. Merit Sys. Protection Bd.,* 19 F.3d 1395, 1403 (Fed. Cir.1994) ("[T]he government must unambiguously and clearly give notice of that which it requires of a litigant." (citing *Burgess v. Merit Sys. Protection Bd.,* 758 F.2d 641 (Fed.Cir.1985))). We further conclude that the inadequate notice, Walls's *pro se* status and his averments of emotional stress and strain, and the minimal delay collectively constitute good cause for the untimely filing of petitioner's appeal.

Upon petitioner's showing of good cause for the untimely filing of his appeal, waiver of the filing deadline is appropriate, *Alonzo,* 4 M.S.P.R. at 184; 5 C.F.R.

§§ 1201.12, .22(c) (1993), "absent a showing of substantial prejudice to the agency caused by the delay in filing," *Alonzo,* 4 M.S.P.R. at 184; *see Ceja,* 710 F.2d at 814. Because petitioner has shown good cause for his untimely filing and because the Agency has made no showing of substantial prejudice flowing from the two-day filing delay, we hold that the AJ abused his discretion by not waiving the filing deadline for good cause.

### Conclusion

For the foregoing reasons, we reverse the Board's dismissal of petitioner's appeal and remand for a proceeding on the merits.

### Costs

Costs to Walls.

*REVERSED AND REMANDED.*