47 F.3d 1180
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert BROWN, Jr., Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 94-3609.
 United States Court of Appeals, Federal Circuit.
 Jan. 10, 1995.
 
 Before LOURIE, RADER, and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Robert Brown, Jr. petitions for review of the final decision of the Merit Systems Protection Board, Docket No. AT0752930751-I-1, dismissing for untimeliness his petition for review of an administrative judge's decision that dismissed for untimeliness Brown's appeal of his removal from the Department of the Air Force ("agency"). Because the board did not abuse its discretion in determining that Brown failed to show good cause for his delay in filing his petition for review, we affirm.
 
 DISCUSSION
 
 2
 On May 3, 1993, the agency removed Brown from the position of Inventory Management Specialist at Robins Air Force Base. Brown appealed his removal to the board on August 16, 1993, three months after the appeal deadline. On September 28, 1993, in an initial decision, the Administrative Judge (AJ) dismissed Brown's appeal because he failed to show good cause for the untimely filing. The AJ's decision advised Brown that the dismissal would become final on November 2, 1993 unless he filed a petition for review by that date. Brown filed a petition for review on April 19, 1994.
 
 
 3
 Because the petition for review was filed over five months late, the board ordered Brown to show good cause for his delay in filing. See 5 C.F.R. Sec. 1201.22(c) (1994). In response, Brown asserted that he was unable to timely file his petition for review because he was suffering from paranoid schizophrenia and he had been admitted to a medical center for treatment of that illness.
 
 
 4
 The board held that the evidence submitted by Brown was insufficient to establish good cause. In particular, the board held that the evidence only established that he was unable to file a petition due to hospitalization until January 25, 1994. The board found that Brown failed to establish good cause for the three-month delay in filing after his release from the hospital. Brown now petitions this court for review of the board's dismissal.
 
 
 5
 Our review is limited to whether the board's decision not to waive the regulatory time limit was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. Sec. 7703(c) (1988); Rowe v. Merit Sys. Protection Bd., 802 F.2d 434, 437 (Fed.Cir.1986). "[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc).
 
 
 6
 The record indicates that the board considered each of Brown's assertions and found no excuse adequate to show good cause for the delay. The board properly determined that hospitalization may justify waiver of the regulatory time limit. Anderson v. Department of Justice, 999 F.2d 532, 534 (Fed.Cir.1993). Here, however, Brown failed to show good cause for the three-month delay in filing after he was released from the hospital. Therefore, we cannot say that the board, after considering the relevant facts and arguments presented, erred in concluding that Brown did not show good cause.
 
 
 7
 Brown also provides new evidence on appeal that he argues shows good cause for his failure to timely file. In particular, he includes letters that indicate he visited a doctor on February 3, 1993, and a hospital report that shows he was hospitalized beginning March 23, 1993 through April 16, 1993. However, we cannot consider this evidence because it was not part of the record before the board and Brown has not demonstrated that it serves to correct an omission or misstatement by the board. See McGarigle v. United States Postal Serv., 904 F.2d 687, 689 n. 2 (Fed.Cir.1990). Moreover, even if we were to consider this evidence, it merely supports an issue not before us, whether Brown had good cause for failing to timely file his initial appeal to the board. The evidence does not show good cause for failing to timely file a petition for review of the AJ's initial decision.
 
 
 8
 We thus conclude that the board did not abuse its discretion in concluding that Brown did not show good cause for failing to file his petition for review before the regulatory time limit.