Kathryn B. LESTER, Petitioner,

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 02–3215.

United States Court of Appeals, Federal Circuit.

Dec. 11, 2002.

Before LOURIE, SCHALL, and BRYSON, Circuit Judges.

## DECISION

PER CURIAM.

Kathryn B. Lester appeals from a decision of the Merit Systems Protection Board ("MSPB" or "Board"), Docket No. SE–0831–02–0008–1–1, 91 M.S.P.R. 130, dismissing as untimely her appeal from a decision of the Office of Personnel Management ("OPM") denying her request for retroactive special retirement coverage for her deceased husband. We *affirm*.

## BACKGROUND

Ms. Lester is the widow of William L. Lester, who served in various positions with the National Park Service, Department of the Interior, from 1962 until his death in 1996. Following her husband's death, Ms. Lester sought a higher survivor annuity benefit from OPM under the enhanced retirement provisions of 5 U.S.C. § 8336(c), claiming that Mr. Lester's service qualified as service by a law enforcement officer or firefighter. By letter dated May 1, 1998, the Interior Department indicated its support for Ms. Lester's application and provided OPM with supporting documentation. Subsequently, on May 20, 1998, OPM ruled that Mr. Lester's positions did not qualify as those of a law enforcement officer or firefighter and that Ms. Lester was therefore not entitled to a higher survivor annuity. OPM advised Ms. Lester of her right to request reconsideration of that initial decision.

By letter dated June 10, 1998, Ms. Lester asked OPM to reconsider its initial decision. She advised OPM that she would be submitting additional documentation to the Interior Department's Firefighter and Law Enforcement Retirement Team ("FLERT") for a determination re-

garding her husband's eligibility for enhanced benefits. Ms. Lester then submitted a claim to FLERT for law enforcement coverage on behalf of her deceased husband by letter dated July 21, 1998.

In a reconsideration decision dated December 7, 1998, OPM again concluded that Mr. Lester's service did not qualify for enhanced retirement service credits and that she therefore was not entitled to an increase in her survivor annuity. In the decision letter, OPM notified Ms. Lester that she had a right to appeal the decision to the MSPB "within 30 calendar days after the date of this decision, or 30 days after receipt of this decision, whichever is later." OPM provided Ms. Lester with copies of the Board's regulations, Board office locations, and an appeal form with filing instructions.

Almost two years later, on September 7, 2000, FLERT responded by letter to Ms. Lester's claim for law enforcement retirement coverage for her deceased husband. The letter stated that the Interior Department did not have jurisdiction to review her claim because OPM had already made a decision on the issue and that it could not reopen her case without authorization from OPM. Following her receipt of that letter, Ms. Lester wrote to OPM on December 4, 2000, asking that it authorize FLERT to reopen and review her claim. Ms. Lester also sent OPM additional information in support of her claim that she had not previously submitted. On August 31, 2001, OPM informed Ms. Lester that it had reviewed the additional information but that the information did not alter its decision. OPM also told Ms. Lester that it had set forth her appeal rights to the MSPB in the December 7, 1998, decision letter, and that it had no further jurisdiction over the claim.

On October 1, 2001, Ms. Lester filed an appeal with the Board. Because the appeal was filed more than two and a half years after the deadline set forth in the December 7, 1998, decision letter, the administrative judge assigned to the case ordered Ms. Lester to file evidence and argument showing that her appeal was timely or that there was good cause for the delay. Ms. Lester responded that the delay resulted from conflicting instructions that Interior Department officials had given her. OPM then filed a motion to dismiss Ms. Lester's appeal as untimely.

The administrative judge dismissed Ms. Lester's appeal as untimely filed. The administrative judge concluded that Ms. Lester's appeal was outside the prescribed 30-day period for appealing from an OPM reconsideration decision and that she had not shown good cause for the more than two-and-a-half year delay in filing an appeal to the Board. The administrative judge's initial decision became final when the full Board denied Ms. Lester's petition for review.

## DISCUSSION

Ms. Lester argues that her appeal to the Board was timely because the Interior Department instructed her in September 2000 to contact OPM. Ms. Lester contends that she did contact OPM and that OPM, after stating that it would not change its final decision, instructed Ms. Lester to contact the MSPB regarding her appeal rights. Ms. Lester adds that she followed those instructions when she filed her September 29, 2001, appeal. That argument, however, ignores the fact that Ms. Lester did not contact the MSPB within 30 days after receiving OPM's final decision dated December 7, 1998, a deadline set by regulation. *See* 5 C.F.R. § 1201.22(b). OPM's August 31, 2001, letter merely instructed Ms. Lester to contact the MSPB regarding

her appeal rights–it did not make any representation as to whether any appeal at that point would be regarded as timely. Furthermore, the December 7, 1998, OPM decision made clear that it was final, and the denial of Ms. Lester's subsequent request to OPM to reopen her claim does not affect the finality of the previous determination. *See Haines v. Merit Sys. Prot. Bd.*, 44 F.3d 998, 1001 (Fed.Cir.1995) (holding that a request to reopen a case before the MSPB does not create another final order to support review). The Board therefore correctly held that her appeal was untimely.

In the alternative, Ms. Lester contends that she has shown good cause for her untimely filing. "Delay [in filing an appeal] is excusable where, under the circumstances, a petitioner exercised diligence or ordinary prudence." *Anderson v. Dep't of Justice*, 999 F.2d 532, 534 (Fed. Cir.1993). Ms. Lester argues that she was advised by FLERT that she should proceed along two tracks with her claims: one with OPM and the other with FLERT and the Department of the Interior. Ms. Lester, however, did not exercise diligence or ordinary prudence in pursuing her claim with OPM. Rather, as noted by the administrative judge, it appears that Ms. Lester chose not to proceed with her submission to OPM when it did not give her a favorable decision. The fact that Ms. Lester maintained contact with FLERT regarding her claim cannot excuse her failure to appeal OPM's final decision rejecting her claim to the MSPB.