NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3170

BYRON L. BARR,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  December 2, 2005

_____

Before, CLEVENGER, GAJARSA, and PROST, Circuit Judges.

PER CURIAM.

Byron L. Barr ("Barr") petitions this court to review the final judgment of the Merit Systems Protection Board ("Board") dismissing the appeal of his removal as untimely filed without a showing of good cause.  Barr v. United States Postal Service, No. DA-0752-04-0430-I-1 (Feb. 3, 2005) (final order).  Because the Board did not abuse its discretion in dismissing Barr's appeal as untimely, we affirm.

I

Barr, a preference eligible employee, was removed from his position as a letter carrier with the United States Postal Service ("USPS"), effective February 2, 2004, for

"Inappropriate Conduct – Violation of [the] terms of Last Chance Agreement." The removal notice, which issued on January 15, 2004, advised Barr of his right to appeal his removal to the Board within 30 days of the effective date of the adverse action. See 5 C.F.R. § 1201.22(b)(1) (2005).

Barr filed his appeal with the Board on April 21, 2004, seven weeks after the filing deadline had expired. On April 26, 2004, the administrative judge ("AJ") issued an Acknowledgment Order ordering Barr to file evidence and argument showing that his appeal was timely filed or that good cause existed for the delay. Barr responded by arguing that his removal notice was sent to the wrong address, and that his union representative failed to inform him of his right to appeal. On May 26, 2004, the Board issued another order giving Barr one final opportunity to show good cause. Subsequently, Barr filed two brief submissions essentially repeating his arguments alleging the same.

In a July 2004 initial decision, the AJ dismissed Barr's appeal as untimely without a showing of good cause. Barr v. United States Postal Service, No. DA-0752-04-0430-I-1 (July 2, 2004) (initial decision). Barr then filed a petition for review with the full Board. In February 2005, finding that the AJ made no error in law, and no new, previously unavailable, evidence was presented, the Board denied Barr's petition. Barr, No. DA-0752-04-04-0430-I-1 (final order). The AJ's initial decision became the final decision of the Board. Barr timely appealed and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II

A

Our scope of review in an appeal from a Board decision is limited. This court must affirm the Board's decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. MSPB, 331 F.3d 1307, 1311 (Fed. Cir. 2003).

B

Barr does not dispute the untimeliness of his appeal. Instead, Barr argues that the Board erred in finding that no good cause existed for the delay because the USPS mailed his notice of removal to the wrong address. We disagree.

Before the Board will waive the time limit for filing an appeal, the petitioner must show good cause for the delay in filing. See 5 C.F.R. § 1201.22(c). To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. Some factors to be considered in determining good cause include the length of the delay, whether the appellant was notified of the time limit, circumstances beyond the appellant's control, whether the appellant was negligent in failing to meet the time limit, and whether the failure was due to excusable neglect. See Walls v. MSPB, 29 F.3d 1578, 1583 (Fed. Cir. 1994).

Barr argues that because the USPS mailed his notice to the incorrect address, he did not receive the notice of removal in time to appeal. Barr fails to provide any

evidence that the notice was mailed to the wrong address, or that the address of record with the USPS was incorrect. In addition, Barr makes no attempt to refute the AJ's finding that he indeed received and signed for the notice. The AJ correctly determined that Barr's bare assertion that the notice was mailed to an incorrect address did not constitute good cause.

Barr further contends that the failure of the USPS union representative to inform him of his appeal rights constituted good cause for the delay. We agree with the AJ's determination that this allegation is immaterial. The notice of removal sufficiently informed Barr of his right to appeal and provided him with information necessary to file the appeal.

Finally, Barr alleges that the USPS received return mail and withheld it from him, causing the delay in filing. Barr makes no factual allegations to support his contention. Barr's assertion that the USPS withheld mail is unsupported and fails to overcome the AJ's finding that he received the notice of removal. Barr had until March 3, 2004 to file his appeal, 30 days after the effective date of his removal. Because Barr filed his appeal seven weeks after the deadline and has not shown good cause for the delay, the Board did not abuse its discretion in dismissing Barr's appeal as untimely.

III

We affirm the judgment of the Board. Each side shall bear its own costs.