NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

06-3266

E.K. WADE,

Petitioner,

v.

DEPARTMENT OF LABOR,

Respondent.

E.K. Wade, of Walnut Creek, California, pro se.

Gregory T. Jaeger, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Todd M. Hughes, Assistant Director.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

06-3266

E.K. WADE,

Petitioner,

v.

DEPARTMENT OF LABOR,

Respondent.

_____

DECIDED: January 17, 2007

_____

Before GAJARSA, MOORE, and JORDAN, [*] Circuit Judges.

PER CURIAM.

The petitioner, E.K. Wade, seeks review of a final decision of the Merit Systems Protection Board ("Board") that dismissed, for lack of jurisdiction, his appeal regarding his alleged involuntary resignation from the Department of Labor. Wade v. Dep't of Labor, No. SF-0752-05-0640-I-1 (M.S.P.B. Sept. 12, 2005) ("Initial Decision"). The Initial Decision became final when the Board declined to review it. Wade v. Dep't of

---

[*] Honorable Kent A. Jordan, Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

<u>Labor</u>, No. SF-0752-05-0640-I-1 (M.S.P.B. Apr. 4, 2006) ("<u>Final Order</u>"). We have considered Mr. Wade's claims and find them without merit. We therefore <u>affirm</u> the dismissal by the Board for lack of jurisdiction.

BACKGROUND

Before his resignation, the petitioner, E.K. Wade, worked as an Equal Opportunity Specialist with the Department of Labor ("Agency"). Throughout his employment with the Agency, Mr. Wade had multiple confrontations with his co-workers and management. The incident most relevant in this appeal involves Mr. Wade's use of racially offensive language towards two of his co-workers. After the incident, Mr. Wade received a notice of proposed suspension from the Agency. Four days later, Mr. Wade submitted his resignation. Mr. Wade filed an appeal to the Board alleging that his resignation was involuntary. The administrative law judge ("ALJ") denied Mr. Wade's request for a hearing and found that the Board lacked jurisdiction because his resignation was voluntary. <u>Initial Decision</u> at 1-2. The Board denied Mr. Wade's petition for review. <u>Final Order</u> at 1. He now appeals to this court and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Our scope of review in an appeal from a Board decision is limited. This court must affirm the Board's decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); <u>see</u> <u>Walls v. Merit Sys. Prot. Bd.</u>, 29 F.3d 1578, 1581 (Fed. Cir. 1994).

An employee who resigns has no appeal right to the Board, unless he can prove that his resignation is involuntary. Shoaf v. Dep't of Agric., 260 F.3d 1336, 1340-41 (Fed. Cir. 2001). Resignations are presumed voluntary and the employee must come forward with sufficient evidence to establish the resignation was involuntary. Id. at 1341. This court has recognized that "'the doctrine of coercive involuntariness is a narrow one' requiring that the employee must 'satisfy a demanding legal standard.'" Garcia v. Dep't of Homeland Sec., 437 F.3d 1322, 1329 (Fed. Cir. 2006) (en banc) (citing Staats v. U.S. Postal Serv., 99 F.3d 1120, 1124 (Fed. Cir. 1996)).

To establish a right to a hearing on jurisdiction the employee must make a non-frivolous claim of Board jurisdiction. Garcia, 437 F.3d at 1344. A non-frivolous claim is a claim that if proven, establishes jurisdiction. Id. At the hearing, the employee must prove jurisdiction by a preponderance of the evidence. Id.

In this case, Mr. Wade alleges that the Board erred because it failed to consider all of the evidence he submitted. Mr. Wade argues that he was forced to resign because of a hostile work environment created by the following Agency actions: (1) failure to grant him additional sick leave; (2) failure to grant his request for a transfer; (3) denial of a timely promotion; and (4) threatening him with suspension.

The Board correctly determined that Mr. Wade did not make a non-frivolous claim of jurisdiction. This court has held that:

> In evaluating involuntariness, the proper test is "an objective one," and one that "considers the totality of the circumstances." The employee must "establish that a reasonable employee confronted with the same circumstances would feel coerced into resigning."

Id. at 1329 (citations omitted). The ALJ determined that Mr. Wade's allegations were not supported in the record and discussed with specificity the basis for his decision.

<u>Initial Decision</u> at 5-6. The ALJ noted that Mr. Wade worked for months after his request for additional sick leave was denied, Mr. Wade's "request for transfer was denied because the supervisor that was the subject of his complaints retired," and his delayed "promotion was the subject of several EEO complaints, none of which were resolved in his favor." <u>Id.</u> at 5. Also, the ALJ noted, Mr. Wade admitted to the use of racially offensive language, which was the basis for the suspension. <u>Initial Decision</u> at 6; <u>see</u> <u>Terban v. Dep't of Energy</u>, 216 F.3d 1021, 1026 (Fed. Cir. 2000) (holding that the employee must show the Agency's adverse action threat was made without a reasonable basis). Accordingly, we hold that the ALJ applied the proper test and substantial evidence supported his decision.

Mr. Wade raises other allegations that also do not establish Board jurisdiction. Mr. Wade's claims of Title VII discrimination do not confer Board jurisdiction absent an appealable adverse action. <u>See</u> <u>Garcia</u>, 437 F.3d at 1342-43 ("[t]he Board has not been granted jurisdiction over Title VII claims . . . unaccompanied by an appealable action over which the Board does have jurisdiction."). Also, Mr. Wade's allegation that the Board failed to take judicial notice of the California Unemployment Insurance Appeals Board's ("CUIAB") decision does not establish jurisdiction. The CUIAB decision is based on California state law and is not binding upon the Board.

CONCLUSION

For the foregoing reasons, the Board properly dismissed Mr. Wade's appeal for lack of jurisdiction. We affirm the judgment of the Board.

No costs.