NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LEELAND O. WHITE,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2013-3146

---

Petition for review of the Merit Systems Protection Board in No. DA3330120297-I-1.

---

Decided: January 14, 2014

---

LEELAND O. WHITE, of El Paso, Texas, pro se.

CALVIN M. MORROW, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief was BRYAN G. POLISUK, General Counsel.

---

Before PROST, WALLACH, and CHEN, *Circuit Judges.*

PER CURIAM.

Leeland O. White appeals from an order of the Merit Systems Protection Board ("Board") denying his petition for review of a decision by the administrative judge dismissing his claims for lack of jurisdiction, on the basis that the petition for review was untimely filed without good cause for delay. Because the Board did not abuse its discretion and acted in accordance with the law, we affirm. We also dismiss Mr. White's motion to remand his case to the Office of Personnel Management ("OPM"), as we lack jurisdiction over his untimely filed request for judicial review.

## BACKGROUND

Mr. White was an applicant for employment as a Public Safety Officer with the International Boundary and Water Commission: United States and Mexico ("Agency"), a position advertised by the San Antonio Services Branch of OPM. The body of the vacancy announcement for the position included veterans' preference language, as well as a list of key requirements that included passing a pre-employment physical as a condition of employment. Mr. White was found to be qualified and OPM referred him for positions in Texas. He was also informed of the pre-employment screening process scheduled on March 10, 2012, which included a physical fitness assessment. Mr. White participated in the screening, but failed to complete a component of the fitness assessment. The Agency subsequently removed him from consideration for the position.

Mr. White appealed the Agency's decision, which notified him of his right to appeal to the Board under the Veterans Employment Opportunities Act ("VEOA") on March 21, 2012, after having initially filed a complaint with the Department of Labor. On March 30, 2012, the Board advised Mr. White that it might not have jurisdiction over his appeal and gave him an opportunity to

submit argument and evidence to establish the Board's jurisdiction. Mr. White responded on April 11, 2012, arguing that the Board had jurisdiction over his claim as an individual right of action ("IRA") pursuant to 5 U.S.C § 1221 and that VEOA did not apply to his case. On June 27, 2012, the administrative judge issued an initial decision dismissing Mr. White's VEOA appeal on the grounds that Mr. White had failed to raise a nonfrivolous argument that the Agency had violated a regulation or statute related to veterans' preference and that Mr. White had failed to show that he had exhausted his IRA remedy before the Office of the Special Counsel.

The administrative judge's initial decision was sent to Mr. White, including a "Notice to Appellant" advising that the initial decision was to become final on August 1, 2012, unless a petition for review was filed by that date or the Board reopened the case on its own motion. The Notice further advised Mr. White that the date the final decision issues "is an important date because it is usually the last day on which you can file a petition for review with the Board," and that the "date on which the initial decision becomes final also controls when you can file a petition for review with the Court of Appeals for the Federal Circuit." The following paragraphs provided instructions for filing a petition for review. Under the heading entitled "Board Review," Mr. White was informed that he could request Board review by filing a petition for review by the later of the date on which the initial decision became final or thirty days after receipt of the initial decision if it was received more than five days after the date of issuance. The instructions also provided the address of the Clerk of the Board as well as instructions for filing the petition electronically. The section describing the process for Board review was followed immediately by a section entitled "Judicial Review," which stated that if Mr. White was "dissatisfied with the Board's final decision," he could file a petition with this court pursuant to 5 U.S.C. § 7703,

and provided this court's address. This section of the instructions also indicated that to be timely, a petition "must be *received* by the court no later than 60 calendar days after this initial decision becomes final."

On August 21, 2012, Mr. White faxed the Board's regional office a pleading entitled "Rule 59 Fed. Civ. P. Motion to Amend the Judgment" challenging the initial decision's dismissal and seeking relief from the Board. The regional office forwarded the pleading to the Clerk of the Board, and it was docketed as a petition for review. On August 29, 2012, the Board notified Mr. White that the petition for review was untimely filed without an accompanying motion to accept the petition as timely or showing good cause for an untimely filing, including an affidavit or sworn statement of facts, pursuant to 5 C.F.R. § 1201.114(f). The Board gave Mr. White notice that he could submit such a motion and statement of facts by September 13, 2012. On October 1, 2012, Mr. White filed a reply to the Agency's response to his petition on the merits, but only addressed the untimely filing by attaching an unsworn "certificate of service."

On June 6, 2013, the Board issued a final order finding that Mr. White's petition for review of the initial decision was untimely filed without good cause shown for the delay. On July 8, 2013, Mr. White filed a timely request for judicial review of that order (related to the timeliness of his petition for review). While Mr. White's appeal was pending, he filed a motion for limited remand of his case to the OPM on November 21, 2013.

## DISCUSSION

Our review of the Board's decisions is limited by statute. Pursuant to 5 U.S.C. § 7703(c), we set aside any action, findings, or conclusions found to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed;

or (3) unsupported by substantial evidence. *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). "[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Id.*

To seek the Board's review of the administrative judge's initial decision on his case, Mr. White would have needed to submit his petition for review by August 1, 2012. The record shows that the Board's regional office did not receive a petition for review until August 20, 2012. Because Mr. White's petition was entitled a "motion to amend the judgment" and included a request for relief from the Board to compel the Agency to hire him, the Board did not abuse its discretion in interpreting Mr. White's petition as an untimely filed petition for review. [1]

The only evidence that Mr. White submitted to establish good cause for the untimely filing of his petition for review was the unsworn "certificate of service" that he attached to his October 1 reply to the Agency's arguments. This document indicated that he had sent a petition to the regional office to the wrong address on July 24, 2012, which would have been timely.

---

[1] While it has no effect on the outcome of this case, we do observe that the Board's instructions attached to its initial decision could be clearer in setting out the significance of the different deadlines for the alternative avenues for review. The instructions simply include the text describing the process for Board review immediately followed by the text describing judicial review. It may not be clear to a pro se petitioner that even once a final decision issues and the deadline for Board review passes there are still sixty days left to make a timely filing for judicial review.

As the Board discussed in its order, Mr. White's error in addressing his filing may have sufficed as good cause for an untimely filing, especially given that he is a pro se petitioner. However, he did not provide any further information or explanation regarding his good faith effort to file his petition in a timely manner. It was Mr. White's burden to respond to the order to show good cause for the delay "in a timely manner with a statement explaining *precisely* why he was unable to file his appeal on time." *Anderson v. Dep't of Justice*, 999 F.2d 532, 534 (Fed. Cir. 1993) (emphasis added). The Board, therefore, did not abuse its discretion in finding that Mr. White did not show good cause for the untimely filing of his petition for review. Accordingly, we must affirm the Board's dismissal of his appeal.

Finally, given that Mr. White did not send this court any petition for review until July 8, 2013, we lack jurisdiction either to review his appeal of the Board's initial decision or to remand his case to the OPM, as we do not have the authority to waive a statutory deadline. *See Pinat v. Office of Pers. Mgmt.*, 931 F.2d 1544, 1546 (Fed. Cir. 1991).

## CONCLUSION

For the foregoing reasons, we affirm the Board's dismissal of Mr. White's appeal of the Board's final decision as untimely and we dismiss his motion for limited remand.

## **AFFIRMED**

### COSTS

Each party shall bear its own costs.