NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PATRICIA A. LILLY,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2023-1099

---

Petition for review of the Merit Systems Protection Board in No. CH-0353-16-0244-I-1.

---

Decided:  November 8, 2023

---

PATRICIA A. LILLY, Evanston, IL, pro se.

ELIZABETH W. FLETCHER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before LOURIE, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

Patricia A. Lilly appeals from a final order of the United States Merit Systems Protection Board ("the Board") dismissing her petition for review as untimely. *Lilly v. U.S. Postal Serv.*, No. CH-0353-16-0244-I-1, 2022 WL 3693072 (M.S.P.B. Aug. 25, 2022) ("*Final Order*"). For the following reasons, we *affirm*.

BACKGROUND

On December 1, 2006, Lilly sustained a workplace injury while employed by the United States Postal Service ("the USPS"). Resp't Suppl. App. 11–12. In the following years, she filed two complaints in the United States District Court for the Northern District of Illinois alleging that the USPS (1) failed to accommodate her disability as required under the Rehabilitation Act and retaliated against her for engaging in a protected activity ("Discrimination Complaint"), and (2) violated her rights under the Family Medical Leave Act ("FMLA Complaint"). *Id.* at 12. The parties resolved the Discrimination Complaint through a settlement agreement and separately stipulated to the withdrawal of the FMLA Complaint with prejudice. *Id.*

Years later, on February 19, 2016, Lilly filed an appeal at the Board alleging that the USPS failed to properly accommodate her injuries from the 2006 incident and seeking to be restored to her prior employment position. *Id.* An administrative judge ("AJ") issued an initial decision on May 19, 2016, dismissing Lilly's appeal for lack of jurisdiction. *Id.* at 11–14. The AJ made that determination because the settlement agreement used to resolve the Discrimination Complaint included a provision requiring Lilly to waive her right to file any further litigation stemming from those facts. *Id.* at 13. That initial decision also included a "Notice to Appellant" stating that the initial decision would become final on June 23, 2016 and that "[t]his is an important date because it is usually the last day on which you can file a petition for review with the Board." *Id.* at 14.

On July 20, 2016, over three weeks after the initial decision became final, Lilly filed a petition for review at the Board. *Final Order* at *1. Shortly thereafter, on July 28, 2016, the Board (1) acknowledged receipt of Lilly's petition for rehearing, (2) informed Lilly that the petition was untimely filed, and (3) notified Lilly that she was also required to file a motion to accept the filing as timely and/or to ask the Board to waive or set aside the time limit ("motion to waive"). Resp't Suppl. App. 31–33. Lilly filed the motion to waive on August 8, 2016, which explained that Lilly's father and maternal aunt had passed away and that Lilly was experiencing emotional and financial hardships in the aftermath. *Id.* at 39. Lilly's motion also included a printout from a funeral home's website that identified the date of her father's death as April 22, 2016. *Final Order* at *2; Resp't Suppl. App. 41. Additionally, the motion alleged that Lilly called the Board on August 4, 2016 to inquire which documents "would be sufficient to submit" alongside her motion but was hung up on by Board staff. Resp't Suppl. App. 39.

On August 25, 2022, the Board issued a final order denying Lilly's motion to waive and dismissing Lilly's petition for review as untimely. *Final Order* at *1–3. The Board stated that the final order was "the final decision of the [Board] *regarding the timeliness of the petition for review*," while the "initial decision remain[ed] the final decision of the Board *regarding the dismissal of the appeal for lack of jurisdiction.*" *Id.* at *3 (emphases added).

Lilly appealed to this court on October 24, 2022. ECF No. 1. We have jurisdiction under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1).

## DISCUSSION

### I

As a threshold issue, Lilly's opening brief contains arguments regarding the AJ's initial decision (which became

the Board's final decision on June 23, 2016) dismissing Lilly's appeal for lack of jurisdiction, as well as the Board's final order dismissing Lilly's petition for review as untimely. The Board argues on appeal that the scope of our review is limited to the Board's final order dismissing Lilly's petition for review as untimely. We agree with the Board.

As previously noted, we have jurisdiction to hear this appeal under 5 U.S.C. § 7703(b)(1), which requires that "any petition for review shall be filed within 60 days after the Board issues notice of the final order or decision of the Board." Furthermore, under Board regulations, "[t]he initial decision of the judge will become the Board's final decision 35 days after issuance," 5 C.F.R. § 1201.113, unless a party files a petition for review or requests vacatur for the purpose of accepting a settlement agreement into the record, *id.* § 1201.113(a). While "[t]he Board may extend the time limit for filing a petition for good cause shown," *id.* § 1201.113(d), "[t]he untimely submission of a petition for review and motion for an extension of time to the [Board] does *not* prevent the initial decision of the administrative judge from remaining the final decision of the [B]oard." *Olivares v. Merit Sys. Prot. Bd.*, 17 F.3d 386, 388 (Fed. Cir. 1994) (citing 5 U.S.C. § 7701(e)(1) (emphasis in original)). "Thus, the untimely submission of a petition for review and motion for an extension of time to the [Board] does not stop the running of the [60]-day statutory time limit in which to file an appeal to this court." *Id.*

In this case, the initial decision of the AJ was issued on May 19, 2016 and became the final decision of the Board on June 23, 2016, given Lilly's failure to timely file her petition for review. Lilly first filed her appeal in this court on October 24, 2022, well past 60 days after the initial decision became final. Lilly thus did not timely appeal to this court the Board's final decision dismissing for lack of jurisdiction. Accordingly, we may not review that decision. *See Olivares*, 17 F.3d at 388.

Lilly did, however, timely appeal the Board's final order dismissing her petition for review as untimely that was issued on August 25, 2022, exactly 60 days before she filed her appeal in this court. The only issue properly presented on appeal, therefore, is whether or not the Board improperly dismissed Lilly's untimely petition for review in its August 25, 2022 final order.

## II

Because the Board "has broad discretion to control its own docket and we will not substitute our judgment for that of the [B]oard in this regard," we will "affirm the [B]oard's decision to dismiss an untimely filed petition for review unless the decision is shown to have been arbitrary, an abuse of discretion, or otherwise not in accordance with law." *Id.* at 388–89 (internal quotation marks omitted); *see also* 5 U.S.C. § 7703(c).

The Board will waive the 35-day time limit for filing a petition for review and allow an untimely filing only for good cause shown. 5 C.F.R. §§ 1201.12, 1201.114(g). "The appellant bears the burden of establishing 'good cause' for the delay." *Kerr v. Merit Sys. Prot. Bd.*, 908 F.3d 1307, 1311 (Fed. Cir. 2018) (citing 5 C.F.R. § 1201.56(b)(2)(i)). To establish good cause for an untimely petition for review, "[t]he appellant need not show an utter impossibility, but only that the delay was excusable in light of the particular facts and attending circumstances where diligence or ordinary prudence has been exercised." *Alonzo v. Dep't of Air Force*, 4 M.S.P.R. 180, 184 (1980). In assessing good cause, the Board will examine (1) the length of the delay, (2) the reasonableness of appellant's excuse and his or her showing of due diligence, (3) whether or not the appellant is proceeding *pro se*, and (4) whether or not the appellant has presented evidence of the existence of circumstances beyond the appellant's control which affected his or her ability to comply with time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to

his or her inability to file a timely petition. *Moorman v. Dep't of Army*, 68 M.S.P.R. 60, 62–63 (1995) (citations omitted), *aff'd sub nom. Moorman v. Merit Sys. Prot. Bd.*, 79 F.3d 1167 (Fed. Cir. 1996).

In the Board's final order, it determined that Lilly had not made the requisite showing of good cause. *Final Order* at \*1. In examining the factors identified in *Moorman*, the Board found that Lilly's delay of almost one month was "significant" and that her inability to secure counsel due to financial cost was not good cause for the delay. *Id.* The Board also found that Lilly failed to show that the deaths in her family created circumstances beyond her control that affected her ability to comply with the time limits for a petition for review and that Lilly had failed to demonstrate due diligence in filing her petition. *Id.* at \*2. The Board acknowledged Lilly's allegations of being hung up on by Board staff but found that they did not create good cause because these calls occurred while Lilly was preparing her motion to waive, long after the filing deadline for the petition for review. *Id.*

In arguing that the Board's evaluation of the length of delay was arbitrary, Lilly relies on two of our decisions: *Anderson v. Dep't of Just.*, 999 F.2d 532 (Fed. Cir. 1993) and *Munson v. Merit Sys. Prot. Bd.*, 318 F.3d 1358 (Fed. Cir. 2003). However, the factual differences between those cases and Lilly's situation render that precedent of little value here. In *Anderson*, the appellant filed his appeal one day late, far less than the 27-day delay at issue in this case. *Anderson*, 999 F.2d at 533. Furthermore, in *Munson*, we found that the appellant had not received notice of his appeal rights, such that the time for filing an appeal had not begun to run in the first place. *Munson*, 318 F.3d at 1362–63. Conversely, Lilly has never contested receiving the initial decision, including its "Notice to Appellant" informing her of her appeal rights. Lilly has thus failed to show that the Board's assessment of the length of delay was

arbitrary, an abuse of discretion, or otherwise not in accordance with law.

Concerning the reasonableness of her excuse and her exercise of due diligence, Lilly argues that she informed the Board of the deaths in her family and provided sufficient information through documents and phone calls. Lilly argues that she was unaware of the extent of evidence required for a finding of good cause, in part, because the Board hung up on her when she called to inquire. However, as the Board correctly pointed out in its final order and again in its brief on appeal, the communications on record between Lilly and the Board occurred in connection with her motion to waive, weeks after the deadline for filing her petition for review had passed. Thus, while Lilly's communications with the Board may impact her showing of diligence *in preparing her motion to waive*, they have no bearing on Lilly's diligence *in meeting her petition for rehearing's filing deadline. See Zamot v. Merit Sys. Prot. Bd.*, 332 F.3d 1374, 1377 (Fed. Cir. 2003) ("To establish good cause for a filing delay, an appellant must show that the delay was excusable under the circumstances and that the appellant exercised due diligence *in attempting to meet the filing deadline.*" (emphasis added) (citing *Phillips v. U.S. Postal Serv.*, 695 F.2d 1389, 1391 (Fed. Cir. 1982))). Lilly has thus failed to show that the Board's treatment of that factor was arbitrary, an abuse of discretion, or otherwise not in accordance with law.

Regarding circumstances beyond her control or unavoidable casualty, Lilly argues that the financial and emotional tolls of her father's and aunt's deaths, in combination with the pre-existing hardships resulting from her loss of employment, resulted in circumstances that reasonably prevented her from timely filing her petition for review. In support, Lilly points to (1) a submission to the Board, dated February 19, 2016, alleging that she "has suffered severe depression and anxiety" and "accumulated nearly six figures in psychiatric and psychologist's visits," Pet'r App. 16–

17, and (2) cashier's checks showing partial payment to a psychologist, *id.* at 56. However, Lilly's reliance on that evidence is misplaced. Lilly's submission to the Board provides almost no insight into the circumstances following her father's and aunt's deaths, as it was filed on February 19, 2016, at least a month *before* her father or aunt died. Additionally, mere receipt of payment to a psychologist provides no detail regarding Lilly's condition, including whether or not she would have been unavailable or precluded from finding someone else to make appropriate arrangements. *See Ford-Clifton v. Dep't of Veterans Affs.*, 661 F.3d 655, 659 (Fed. Cir. 2011) ("The Board has held that when petitioners allege delay for medical reasons, they must affirmatively identify medical evidence that addresses the entire period of delay and explain how the illness prevented a timely filing."). We therefore agree with the Board that "[Lilly] has failed to show that her father's death, while unfortunate, created any circumstances beyond her control that affected her ability to comply with the time limits." *Final Order* at *2.

For the first time in this case, in a supplemental appendix attached to her reply brief in this appeal, Lilly provides a letter from her psychologist describing her conditions. Pet'r Reply Suppl. App. 19–20. In that same supplemental appendix, Lilly also provides receipts and other documents from the period shortly following her father's death. We decline to consider that evidence because it was not presented to the Board in the underlying proceedings. *See Synan v. Merit Sys. Prot. Bd.*, 765 F.2d 1099, 1101 (Fed. Cir. 1985) ("Petitioner cannot raise before this court an issue which could have been raised below but which was not."); *Lizut v. Dep't of Army*, 717 F.2d 1391, 1396 (Fed. Cir. 1983) ("Allowing a party to withhold important issues from the [B]oard and later present them to this court would undermine the [B]oard's authority.").

Finally, we acknowledge Lilly's *pro se* status. However, we agree with the Board that "[Lilly's] inability to secure

an attorney due to financial cost is not good cause for [her] untimely filing." *Final Order* at *1. Accordingly, Lilly has failed to show that the Board's analysis of the *Moorman* factors in denying her motion to waive and dismissing her petition for review as untimely was arbitrary, an abuse of discretion, or otherwise not in accordance with law.

## III

Lilly's arguments on appeal also include allegations of judicial bias by the Board, specifically Vice Chairman and current Acting Chairman, Cathy A. Harris. Those allegations seem to involve a law firm that Acting Chairman Harris was previously employed at, as well as an unrelated class action. Lilly fails to explain how that demonstrates bias, and even admits that "she has never been represented by [Acting Chairman Harris's previous employer] regarding the [relevant litigation]." Pet'r Br. 20. Furthermore, Lilly failed to raise that issue to the Board. *See* 5 C.F.R. § 1201.42(b) (requiring "a motion asking the judge to withdraw on the basis of personal bias or other disqualification" be filed "as soon as the party has reason to believe there is a basis for disqualification"). Lilly's conclusory and underdeveloped allegations thus do not justify a finding of judicial bias.

## CONCLUSION

We have considered Lilly's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm*.

## **AFFIRMED**

## COSTS

No costs.