NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3037

WILLIAM D. SMITH,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

William D. Smith, of Versailles, Kentucky, pro se.

Sara B. Rearden, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3037

WILLIAM D. SMITH,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in CH0752060507-I-1.

_____

DECIDED:  May 13, 2008

_____

Before NEWMAN, PROST, and MOORE, Circuit Judges.

PER CURIAM.

Mr. William Smith appeals the decision of the Merit System Protection Board ("Board") dismissing his petition for review as untimely filed.  Smith v. U.S. Postal Serv., 106 M.S.P.R. 405 (Dec. 5, 2006).  We affirm.

BACKGROUND

Mr. Smith was employed by the United States Postal Service ("agency" or "USPS") at the Frankfort, Kentucky, Post Office as a custodian.  He was removed from this position effective April 15, 2006.  On May 11, 2006, he filed an appeal with the Board seeking reversal of his removal.

At a December 5, 2006 pre-hearing conference, Mr. Smith indicated that he would like to use the grievance procedures of the American Postal Workers Union ("APWU") to challenge his removal. That same day, he sent a written request to withdraw his appeal from the Board, and the administrative judge issued an initial decision dismissing his appeal as withdrawn. Mr. Smith was informed that decision would become final on January 9, 2007.

On June 4, 2007, using the form for initial appeals, Mr. Smith filed a new submission with the Board again challenging his removal. This filing was forwarded to the Clerk of the Board to be processed as a petition for review of the December 5, 2006 initial decision dismissing his appeal as withdrawn. On August 23, 2007, the Board dismissed the petition as untimely filed without a showing of good cause for the delay. Smith, 106 M.S.P.R. at 405. This appeal followed.

## DISCUSSION

We must affirm the Board's decision unless we find it to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1581 (Fed. Cir. 1994).

5 C.F.R. § 1201.114(d) states that

[a]ny petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision.

Based on these requirements, the Board determined that Mr. Smith's June 4, 2007, petition was untimely filed by four months and twenty-six days.

In order for an untimely filed petition for review to be accepted, an appellant must file a motion for waiver of the filing deadline and an affidavit or a statement sworn under the penalty of perjury showing good cause for the delay. 5 C.F.R. § 1201.114(f). Here, Mr. Smith's petition did not include an affidavit or a statement sworn under the penalty of perjury. The Board nonetheless considered Mr. Smith's assertions "that he 'did not know how to file a petition,' and that he 'was told' that he could file with the Board because his grievance was not timely resolved." Smith, 106 M.S.P.R. at 408. As the Board noted, however, "[i]t is unclear who may have given the appellant this advice." Id. The Board found that Mr. Smith failed to establish good cause, noting that the delay of nearly five months is not minimal and that the initial decision provided express notice of the time limit and procedure for obtaining review by the Board. We agree.[1]

Accordingly, we find that Mr. Smith fails to show that the Board's dismissal of his petition was arbitrary, capricious, an abuse of discretion, not in accordance with law, procedurally defective, or unsupported by substantial evidence.

COSTS

Each party shall bear its own costs.

---

[1] Although Mr. Smith used the form for initial appeals, his new submission was processed as a petition for review of the December 5, 2006 initial decision. As the Board has previously stated, "[w]here an appellant has filed a second petition for appeal after withdrawing his first one, it is generally appropriate to consider the second petition as a new, late-filed appeal and to determine whether good cause has been established for waiving the filing deadline." McNeil v. U.S. Postal Serv., 98 M.S.P.R. 18, 22 (2004) (citing Nabors v. U.S. Postal Serv., 31 M.S.P.R. 656, 659 (1986), aff'd, 824 F.2d 978 (Fed. Cir. 1987) (Table)). We note, however, that the result would be the same if the Board had treated Mr. Smith's petition as a new, late-filed appeal because any such appeal would still be an untimely filing for which Mr. Smith has failed to show good cause.