NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3182

ANDREW A. SMOTZER,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

Andrew A. Smotzer, of Brunswick, Georgia, pro se.

Kenneth S. Kessler, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Gregory G. Katsas, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Mark A. Melnick, Assistant Director.  Of counsel were Steven J. Gillingham and Kent H. Huntington, Attorneys.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3182

ANDREW A. SMOTZER,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

Petition for review of the Merit Systems Protection Board in AT0831050444-I-1.

_____

DECIDED: October 22, 2008

_____

Before NEWMAN, PROST, and MOORE, Circuit Judges.

PER CURIAM.

Andrew A. Smotzer petitions for review of an initial decision of the Merit Systems Protection Board ("Board"), Smotzer v. Dep't of Homeland Sec., No. AT0831050444-I-1 (M.S.P.B. July 11, 2005) ("Board Decision"), which became final after the Board denied Mr. Smotzer's petition for review, Smotzer v. Dep't of Homeland Sec., No. AT0831050444-I-1 (M.S.P.B. Dec. 28, 2005). Because we discern no error in the Board's decision, we affirm.

BACKGROUND

Mr. Smotzer served with the United States Secret Service Uniformed Division ("USSSUD") from May 1976 through April 1986. During this time, Mr. Smotzer was

covered under the District of Columbia Police and Firefighters' Retirement System. In April 1986, Mr. Smotzer transferred to the Federal Law Enforcement Training Center, and his retirement plan was switched to the Civil Service Retirement System ("CSRS"). Mr. Smotzer was afforded retroactive service credit under the CSRS for his service at the USSSUD, and he remains in the CSRS to this day.

In 2002, the Department of Homeland Security ("Agency") informed Mr. Smotzer that he would also be eligible to receive law enforcement officer ("LEO") retirement benefits based, in part, on his service with USSSUD. The Office of Personnel Management, however, later determined that Mr. Smotzer's USSSUD service did not qualify as primary LEO service and, consequently, that Mr. Smotzer is not eligible for the LEO retirement benefits. After his petition for review by the Agency was denied, Mr. Smotzer appealed to the Board.

The administrative judge found that Mr. Smotzer's service with the USSSUD did not constitute primary LEO service under the CSRS definition of "law enforcement officer." Board Decision at 8. Moreover, the administrative judge concluded that Mr. Smotzer could not avail himself of the broader definition of "law enforcement officer" provided by the Federal Employees' Retirement System ("FERS"). Id. at 3 n.2; see 5 U.S.C. § 8401(17) (providing FERS definition of law enforcement officer). After the full Board denied his petition for review, Mr. Smotzer petitioned for review by this court.

## DISCUSSION

While this court has jurisdiction to review a final decision by the Board, our scope of review is limited. 5 U.S.C. § 7703(b)(1). We must affirm the decision by the Board unless we find it to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not

in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1581 (Fed. Cir. 1994).

As noted above, Mr. Smotzer is currently enrolled in the CSRS. Thus, to determine whether Mr. Smotzer is eligible for LEO retirement benefits under the CSRS, we first look at the meaning of "law enforcement officer" in the CSRS—the statute defines this term to mean "an employee, the duties of whose position are primarily the investigation, apprehension, or detention of individuals suspected or convicted of offenses against the criminal laws of the United States." 5 U.S.C. § 8331(20); see Lowder v. Dep't of Homeland Sec., 504 F.3d 1378, 1381-82 (Fed. Cir. 2007). Here, the administrative judge found that Mr. Smotzer's position did not exist for these purposes, but rather primarily involved maintaining law and order and protecting life and property, duties which the CSRS regulations specifically exclude from the definition of a "law enforcement officer" even though they are "unquestionably critical to the functioning of civil society itself." Board Decision at 6-8; see 5 C.F.R. § 831.902. Consequently, the administrative judge ruled that Mr. Smotzer's position did not meet the CSRS definition of "law enforcement officer" and, thus, did not qualify as primary LEO service. Board Decision at 8. Mr. Smotzer does not appear to challenge this conclusion, and we see no error in it.

On appeal, Mr. Smotzer primarily challenges the administrative judge's determination that he could not establish primary LEO service using the FERS definition of "law enforcement officer." See id. at 3 n.2. When the FERS was created in 1986, its definition of "law enforcement officer" was substantially identical the CSRS's definition.

Lowder, 504 F.3d at 1384. In a 1988 amendment, however, the FERS definition was expanded to specifically include certain employees "who occup[y] a position that, but for the enactment of the Federal Employees' Retirement System Act of 1986, would be subject to the District of Columbia Police and Firefighters' Retirement System." Id. (quoting Act of Jan. 8, 1988, Pub.L. 100-238, § 103(c), 101 Stat. 1744). By virtue of this amendment, many USSSUD employees are "law enforcement officers" under the FERS definition.

This court, however, has previously decided that this broader definition of "law enforcement officer" does not apply before 1988, when the amendment creating it became effective. Lowder, 504 F.3d at 1384 ("Congress has not indicated any intent to make the new definition retroactive."). As a result, because Mr. Smotzer left USSSUD, withdrew from the District of Columbia Police and Firefighters' Retirement System, and enrolled in the CSRS before 1988 (specifically, in March 1986), Mr. Smotzer cannot use the new FERS definition to show that his USSSUD position was a "law enforcement officer" position. While we are sympathetic to Mr. Smotzer's understandable frustration at this result, we cannot rewrite the statute or our prior cases to achieve any other. Accordingly, we conclude that the administrative judge did not err in failing to apply FERS's definition of "law enforcement officer" to Mr. Smotzer.

For these reasons, we affirm.

COSTS

Each party shall bear its own costs.