NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**COREY DEMOND STOGLIN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2015-3141

---

Petition for review of the Merit Systems Protection Board in No. CH-4324-12-0389-M-1.

---

Decided: January 15, 2016

---

COREY DEMOND STOGLIN, Minneapolis, MN, pro se.

KATHERINE MICHELLE SMITH, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before NEWMAN, PLAGER, and REYNA, *Circuit Judges.*

PER CURIAM.

Mr. Corey D. Stoglin seeks review of the Merit Systems Protection Board's ("Board") final order dismissing his petition for review as untimely filed and without a showing of good cause for delay.

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2012).

The petitioner bears the burden of establishing error in the Board's decision. *Vassallo v. Dep't of Defense*, 797 F.3d 1327, 1330 (Fed. Cir. 2015). We review the Board's legal determinations without deference. *Id.* However, "'whether the regulatory time limit for an appeal [of an agency action] should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board.'" *Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1581 (Fed. Cir. 1994) (citation omitted). We have jurisdiction under 28 U.S.C. § 1295(a)(9).

We find no reversible error in the Board's decision.

First, the Board did not err in its analysis of the Servicemembers Civil Relief Act of 2003, Pub. L. No. 108-189, 117 Stat. 2835 (2003) ("SCRA"). The SCRA tolls certain time periods provided certain conditions—including "military service"—are met. *See* 50 U.S.C. app. § 526(a). Service may constitute "military service" under either 50 U.S.C. app. § 511(2)(A)(i) or (ii).

Under subsection (i), the Board properly determined that only Mr. Stoglin's thirteen-day service period potentially qualified as "military service," and that, even if that were true, Mr. Stoglin's seventeen day late filing would still have been untimely. *See* 50 U.S.C. app.

§ 511(2)(A)(i); 10 U.S.C. § 101(d)(1). Furthermore, the Board also properly determined that Mr. Stoglin's other period of service did not qualify as "military service" because it was for full time National Guard duty. *See* 50 U.S.C. app. § 511(2)(A)(i); 10 U.S.C. §§ 101(d)(1),(5). Under subsection (ii), the Board properly determined that neither of Mr. Stoglin's two periods of service constituted "military service" because neither period lasted more than thirty consecutive days. *See* 50 U.S.C. app. § 511(2)(A)(ii).

Second, the Board did not err in determining that Mr. Stoglin failed to establish good cause to excuse the untimely filing. Mr. Stoglin does not raise any meritorious argument regarding this issue. In these matters, we "'will not substitute [our] own judgment for that of the Board.'" *Walls*, 29 F.3d at 1581 (citation omitted).

For the foregoing reasons, we affirm the decision of the Board.[1]

**AFFIRMED**

---

[1] Petitioner's reply brief was filed late. Under the circumstances, the court considered the brief and finds nothing in it to affect our decision.