NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**WILLIAM J. BREWER,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

_____

2016-1471

_____

Petition for review of the Merit Systems Protection Board in No. SF-0752-15-0216-B-1.

_____

Decided: May 10, 2016

_____

WILLIAM J. BREWER, Lancaster, CA, pro se.

SARA B. REARDEN, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

_____

Before O'MALLEY, CHEN, and STOLL, *Circuit Judges.*

PER CURIAM.

William J. Brewer appeals from the decision of the Merit Systems Protection Board dismissing his appeal as untimely filed. As Mr. Brewer has failed to demonstrate that the Board abused its discretion or acted arbitrarily or capriciously in dismissing his appeal, we affirm.

BACKGROUND

Mr. Brewer was removed from his position with the Army Corps of Engineers effective November 3, 2014. The removal notice informed Mr. Brewer of his right to appeal his dismissal to the Board within 30 days and his right to file an Equal Employment Opportunity ("EEO") complaint alleging discrimination within 45 days. On December 22, 2014, 49 days after his removal, Mr. Brewer filed both an appeal with the Board and an EEO complaint with the agency.

An administrative judge dismissed the Board appeal as untimely filed under 5 C.F.R. § 1201.22 because Mr. Brewer had not filed it within 30 days, finding Mr. Brewer did not demonstrate good cause for the delay. Mr. Brewer explained that his delay was due to various tasks following his removal, including "obtaining retirement options, obtaining health insurance for my family, filing unemployment insurance, research[ing] and obtain[ing] documents for the appeal, making the appeal, and dealing with the holiday season of activities, office closure, etc." Supplemental Appendix 15. The administrative judge found good cause lacking for the 19-day delay, even considering Mr. Brewer's pro se status, because Mr. Brewer had not requested an extension before the filing deadline, could have used an appeal form supplied by the Board, did not present evidence of circumstances beyond his control, and had filed two previous appeals with the Board.

Following a petition for review, the Board agreed with the administrative judge's determination that there was not good cause for Mr. Brewer's delay in filing his appeal

to the Board under § 1201.22. The Board considered Mr. Brewer's explanation that he was unable to timely file his appeal because he experienced stress due to his sudden job loss, because he had to travel to Egypt to look after his children, and because he did not have legal counsel to assist him, but found that these reasons did not demonstrate due diligence or ordinary prudence to justify the late filing. But the Board remanded the appeal because the record lacked evidence regarding the scope and status of Mr. Brewer's EEO complaint. The Board explained that to the extent the EEO complaint encompassed the agency's removal action (i.e., a "mixed case" complaint under 29 C.F.R. § 1614.302), the timeliness standards under 5 C.F.R. § 1201.154 may apply, but if the EEO complaint was also untimely filed, the time limits under § 1201.22 would apply instead.

On remand, the administrative judge ordered the parties to submit evidence regarding the EEO complaint. In view of evidence submitted by the agency, the administrative judge found that on October 1, 2015, the Office of Federal Operations had affirmed the agency's final dismissal of Mr. Brewer's EEO complaint as untimely. The administrative judge thus dismissed Mr. Brewer's appeal as untimely under both § 1201.154 and § 1201.22. Mr. Brewer did not petition for review, and the decision of the administrative judge became the final decision of the Board.

Mr. Brewer appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm a final decision of the Board unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). "[W]hether the regulatory time limit

for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. Merit Sys. Prot. Bd.,* 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc).

The appellant has the burden to prove, by a preponderance of the evidence, that his appeal was timely filed. 5 C.F.R. § 1201.56(b)(2)(i)(B). Because Mr. Brewer did not timely file a mixed case complaint with the agency under § 1614.302 and § 1201.154, his appeal to the Board must satisfy the timeliness requirements in § 1201.22, which sets a 30-day deadline for an appeal absent good cause. Although it is undisputed that Mr. Brewer did not file his appeal to the Board within the 30 days required by § 1201.22, the Board may waive the timeliness requirement for good cause. "To establish good cause for a filing delay, an appellant must show that the delay was excusable under the circumstances and that the appellant exercised due diligence in attempting to meet the filing deadline." *Zamot v. Merit Sys. Prot. Bd.*, 332 F.3d 1374, 1377 (Fed. Cir. 2003). In making this determination, we have approved use of the factors the Board set forth in *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). *See Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1582 (Fed. Cir. 1994). Specifically, in evaluating good cause, the Board considers:

the length of the delay; whether appellant was notified of the time limit or was otherwise aware of it; the existence of circumstances beyond the control of the appellant which affected his ability to comply with the time limits; the degree to which negligence by the appellant has been shown to be present or absent; circumstances which show that any neglect involved is excusable neglect; a showing of unavoidable casualty or misfortune; and the extent and nature of the prejudice to the agency which would result from waiver of the time limit.

*Id.* (quoting *Alonzo,* 4 M.S.P.R. at 184).

Here, after Mr. Brewer was afforded an opportunity to explain the reasons for his delay in filing his appeal, the administrative judge and the Board properly considered the relevant factors in determining that Mr. Brewer had not demonstrated good cause for his delay. Specifically, both the administrative judge and the Board properly found that Mr. Brewer received notice of the filing deadline, had familiarity with the Board's appeal procedures through his involvement in two prior appeals, failed to request an extension prior to the filing deadline, and did not present evidence of circumstances beyond his control. The reasoning provided by the Board does not reflect an abuse of discretion or arbitrary or capricious decisionmaking. As "this court will not substitute its own judgment for that of the Board," *Mendoza,* 996 F.2d at 653, we affirm the dismissal of Mr. Brewer's appeal as untimely filed.

## AFFIRMED

COSTS.

No Costs.