UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| WILLIAM K. JOHNS,<br>          Appellant, | DOCKET NUMBER<br>DA-0839-22-0371-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>          Agency. | DATE: April 29, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

William K. Johns, Pine Bluff, Arkansas, pro se.

Paul Andrew Schorn, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his Federal Erroneous Retirement Coverage Corrections Act (FERCCA) appeal as untimely filed without good cause shown. For the reasons set forth herein, we GRANT the appellant's petition for review. We REVERSE the administrative judge's conclusion that the appellant failed to show good cause

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

for the untimeliness of his appeal and REMAND the matter to the Dallas Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

On May 31, 2022, the agency issued a final decision indicating that the appellant had been erroneously placed in the Civil Service Retirement System (CSRS) rather than in the CSRS Offset system on December 29, 1994, following a "break-in-service" that lasted more than 1 year.[2]  Initial Appeal File (IAF), Tab 1 at 16-17.  The agency's decision explained that, because this error had lasted for over 3 years, the appellant was entitled to corrective action under FERCCA.  *Id.* at 16.  The decision indicated that the agency was required to convert the appellant to the CSRS Offset system; however, the agency would make corresponding "corrections for retirement deductions and Social Security." *Id.*  The decision notified the appellant that, if he wished to appeal the matter, he must file an appeal with the Board within 30 days of his receipt of the decision. *Id.* at 17.  The decision also informed the appellant that, if he had any questions or needed any additional information, he could contact a particular agency employee, A.W.  *Id.*

On July 19, 2022, the appellant filed a Board appeal challenging the agency's May 31, 2022 decision, explaining that he was in the process of retiring. *Id.* at 4, 27.  He did not request a hearing on the matter.  *Id.* at 1.  On his initial appeal form, the appellant asserted that he had received the agency's final decision letter on July 8, 2022. *Id.* at 2.  Presumably to support this assertion, the appellant provided a July 8, 2022 email sent to him by A.W.  *Id.* at 14-15.  In this email, A.W. conveyed that "the correction to CSRS Offset must stand," and she explained that, if the appellant felt that agency human resources personnel had

---

[2] The CSRS Offset system is a version of CSRS for employees whose service is subject to deductions for both CSRS and the Old Age, Survivors and Disability Insurance program under the Social Security Act.  *Warren v. Department of Transportation*, 116 M.S.P.R. 554, ¶ 2 (2011), *aff'd*, 493 F. App'x 105 (Fed. Cir. 2013); *see Wible v. Department of the Army*, 120 M.S.P.R. 333, ¶ 6 (2013) (summarizing the relationship between CSRS, the Federal Employees' Retirement System, and CSRS Offset).

not handled his "appointment" correctly, he could appeal "through the Merit Systems Protection Board." *Id.* at 14. She indicated that the appellant could "include a copy of this email with [his] claim in order to meet the 30-day requirement for appealing [the] final decision." *Id.*

After notifying the appellant that his appeal may be untimely and providing him with an opportunity to address the timeliness issue, IAF, Tab 6, the administrative judge issued an initial decision dismissing the matter as untimely filed without good cause shown, IAF, Tab 15, Initial Decision (ID) at 6-7. The administrative judge concluded, based on documents submitted by the appellant, that he had received the agency's decision letter not later than June 5, 2022, and, therefore, that his appeal was "at least 14 days late." ID at 4. She also found that the appellant had failed to show good cause for his untimeliness. ID at 4-6. In so finding, she reasoned that the appellant's explanation for his delay appeared to be that he had communicated with the agency via email prior to submitting his Board appeal; however, she found that the appellant had failed to explain why his communications with the agency precluded him from timely filing with the Board. ID at 5-6.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1.[3] The agency has not filed a response.

---

[3] The appellant provides additional documents with his petition for review, i.e., medical records and documents regarding his receipt of the initial decision. PFR File, Tab 1 at 3-11. The Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d). In any event, these documents are not material to the outcome of this matter. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

**ANALYSIS**

<u>We reverse the administrative judge's conclusion that the appellant failed to show good cause for his untimeliness.</u>

The appellant does not appear to challenge the administrative judge's conclusion that his Board appeal was untimely filed; however, he seemingly argues that good causes exists for his filing delay. PFR File, Tab 1 at 2. For the following reasons, we reverse the administrative judge's conclusion that the appellant failed to show good cause for his untimeliness.

The Board may waive the time limit for filing an appeal if the appellant has shown good cause for the delay. *Smith v. Office of Personnel Management*, 117 M.S.P.R. 527, ¶ 6 (2012); 5 C.F.R. § 1201.22(c). To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his appeal. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

Here, after the administrative judge notified the appellant of the timeliness issue, he submitted a series of emails that he exchanged with A.W. following his receipt of the agency's decision letter. *E.g.*, IAF, Tab 10 at 9-11. In a June 5, 2022 email sent to A.W., the appellant conveyed his belief that he should have remained under CSRS throughout his Federal tenure, and he inquired where he could file an appeal or grievance. *Id.* at 9-10. A.W. responded on June 7, 2022, by stating, in pertinent part, as follows: "It sounds like I will need to review your

electronic Official Personnel Folder [] again. I'm in training this week, but I'll plan to take a look next week." *Id.* at 9. Her response did not mention the Board. Subsequently, in a June 14, 2022 email, A.W. indicated that it appeared as though the agency's May 31, 2022 decision was correct; however, she also stated as follows: "I'm not seeing any documentation showing that you elected to continue CSRS coverage while [working in a nonappropriated fund (NAF)] position. If you have anything that reflects this, please forward it to me and I'll be happy to review." *Id.* at 10. On July 5, 2022, A.W. sent the appellant a follow-up email stating as follows: "I did receive the documents you sent regarding your NAF service. I will review them in detail and let you know if any changes are necessary, hopefully yet this week. Thank you for your patience." *Id.* at 11 (grammar in original). Thereafter, as summarized above, A.W. sent the appellant a July 8, 2022 email indicating that the agency's decision "must stand," but that the appellant could provide her July 8, 2022 email to the Board to "meet the 30-day requirement for appealing [the] final decision." *Id.* at 13.

Although the Board has previously found that an appellant pursuing a remedy in another forum does not constitute good cause for an untimely appeal, *e.g, Little v. Government Printing Office*, 99 M.S.P.R. 292, ¶ 9 (2005), given the particular circumstances of this case, we find that the agency's actions may have misled and confused the pro se appellant regarding the applicability of the 30-day filing deadline, *see Miles v. Department of Veterans Affairs*, 84 M.S.P.R. 418, ¶ 6 (1999) (explaining that the Board construes pro se pleadings liberally). To this end, as summarized above, following the issuance of the May 31, 2022 decision, the agency's designated point of contact repeatedly conveyed to the appellant that the agency was actively reconsidering whether his placement in CSRS on December 29, 1994, was, in fact, incorrect, i.e., whether an error implicating FERCCA had even occurred. *See Poole v. Department of the Army*, 117 M.S.P.R. 516, ¶ 13 (2012) (indicating that FERCCA addresses problems created when employees are in the wrong retirement plan for an extended period); 5 C.F.R.

§ 839.101(a). Accordingly, the appellant may reasonably have been anticipating a subsequent final agency decision on the matter. Indeed, insofar as he indicated on his initial appeal form that he had received the agency's final decision letter on July 8, 2022, IAF, Tab 1 at 2, the appellant presumably believed that A.W.'s July 8, 2022 email constituted such a decision, *id.* at 14-15.[4] Given A.W.'s assertion that the appellant could provide the Board with the July 8, 2022 email to "meet the 30-day requirement," it appears that this belief was shared by at least some agency personnel involved in this matter.[5] *Id.* at 14. Accordingly, we find that good cause exists for the appellant's untimely filing and we reverse the initial decision in this regard. *See Funk v. Department of the Army*, 52 M.S.P.R. 52, 55 (1991) (finding it appropriate to waive the filing deadline when the record showed that the appellant's confusion was entirely believable and not a result of his lack of diligence in pursuing his appeal).

We remain the matter for further adjudication.

As stated in its FERCCA decision, the agency concluded that the appellant was erroneously placed in CSRS rather than in CSRS Offset when he was "rehire[d]" on December 29, 1994. IAF, Tab 1 at 16. In his pleadings before the administrative judge, the appellant disputed this conclusion, arguing that he was properly placed in CSRS. *Id.* at 7. In response, the agency contended that, although the appellant was properly placed in CSRS on March 21, 1982, he should have been switched to CSRS Offset beginning on December 29, 1994.

---

[4] We acknowledge the 11-day delay between the July 8, 2022 email, and July 19, 2022, the date on which the appellant filed his Board appeal. However, given that the pro se appellant likely believed that the July 8, 2022 email constituted a new final decision that reset the 30-day filing period, this delay does not warrant a different outcome. *See Walls v. Merit Systems Protection Board*, 29 F.3d. 1578, 1582 (Fed. Cir. 1994) (reasoning that the appellant demonstrated due diligence and ordinary prudence in filing his appeal within the regulatory time period as he construed it).

[5] The agency argued before the administrative judge that the appeal was untimely filed without good cause shown. IAF, Tab 12 at 4-7. Although the agency acknowledged the appellant's email communications with A.W., *id.* at 4 n.1, 6, it did not substantively address the contents of the same.

IAF, Tab 5 at 4-5. To this end, the agency averred that, from September 16, 1990, to December 29, 1994, the appellant had served in an NAF position. *Id.* The agency contended before the administrative judge that NAF positions are generally "not in the civil service for purposes of Title 5," including retirement issues; thus, the agency argued that the appellant's September 16, 1990, to December 29, 1994 period of employment constituted a break in service that removed him from CSRS.[6] IAF, Tab 5 at 4-6, Tab 8 at 4.

In retirement annuity cases, the paramount concern is whether the appellant is entitled to the benefit he seeks. *Moore-Meares v. Office of Personnel Management*, 105 M.S.P.R. 613, ¶ 8 (2007); *Edney v. Office of Personnel Management*, 79 M.S.P.R. 60, ¶ 6 (1998) (explaining that, unlike the competing interests of agency management and employee rights involved in a disciplinary appeal, there is only one primary interest involved in a retirement appeal, that of the applicant's entitlement under law to a benefit). Although service in an NAF position is generally not creditable, there are statutory exceptions to this general rule. *CSRS and FERS Handbook for Personnel and Payroll Offices*, §§ 12A5.1-4, 20A2.1-5, https://www.opm.gov/retirement-center/publications-forms/csrsfers-handbook/ (last visited April 29, 2024). Accordingly, on remand, the administrative judge shall order both parties to submit additional evidence and argument regarding the appellant's employment history and his potential entitlement to CSRS retirement benefits. The parties' filings shall address whether any such exceptions apply to the appellant. The administrative judge shall thereafter issue a decision on the merits of the agency's May 31, 2022 decision.[7]

---

[6] The agency's close of the record submission substantively addressed only the timeliness issue. IAF, Tab 12 at 4-7.

[7] To the extent the administrative judge concludes on remand that the appellant should have been placed in CSRS Offset on December 29, 1994, the appellant is not entitled to any additional relief under FERCCA. To this end, if an employee is erroneously placed in CSRS when he should have been placed in CSRS Offset, FERCCA's implementing regulations require that the employee's coverage be corrected to CSRS Offset. *See*

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    *Gina K. Grippando*
                                 _____
                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.

---

*Nasdahl v. Department of Veterans Affairs*, 119 M.S.P.R. 283, ¶ 4 (2013); 5 C.F.R. § 839.701.   Indeed, the only remedies available to such an employee are (1) the agency's adjustment of retirement deductions and Social Security taxes, which the agency has already awarded to the appellant in this matter, and (2) a claim for losses in accordance with 5 C.F.R. part 839, subpart L of FERCCA's implementing regulations, which is not reviewable by the Board.   IAF, Tab 1 at 16; 5 C.F.R. §§ 839.702, .1302(a), .1303.