**James MARTIN, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 02–3178.

United States Court of Appeals, Federal Circuit.

DECIDED: May 8, 2003.

Before MAYER, Chief Judge, MICHEL, and RADER, Circuit Judges.

RADER, Circuit Judge.

Petitioner James Martin appeals the October 21, 2001 initial decision of the administrative judge, made final by the January 10, 2002 decision of the Merit Systems Protection Board (Board), which dismissed Mr. Martin's appeal as untimely. Because Mr. Martin filed this appeal over eight years late without explanation for the delay, this court *affirms*.

## BACKGROUND

The United States Postal Service removed Mr. Martin from his position as a letter carrier with the Memphis Post Office by letter dated June 1, 1993, which indicated the effective date of the removal as June 21, 1993. Mr. Martin, through his attorney, appealed the Postal Service's action to the Board on August 7, 2001. On August 15, 2001, the Board's administrative judge issued an acknowledgement order advising him that his appeal appeared to be untimely and ordering him to submit "evidence and argument showing that [his] appeal was timely filed or that good cause existed for the delay." The acknowledgement order gave Mr. Martin fifteen days to submit his evidence and argument on the timeliness issue. Mr. Martin did not respond to the acknowledgement order.

On October 22, 2001, the administrative judge issued an initial opinion dismissing Mr. Martin's appeal as untimely filed. The initial decision explained:

[T]he Board's regulations require that an appeal be filed within 30 days after the effective date of the relevant action, or 30 days after the date of receipt of the agency's decision, whichever is later. *See* 5 C.F.R. § 1201.22(b).... [T]he appellant has the burden of proof by preponderant evidence on the issue of timeliness. *See* 5 C.F.R. § 1201.56(a)(2)(ii).

* * * *

[T]he present appeal was filed with the Board over 8 years after the effective date of the appellant's removal. The appellant has provided no explanation for this lengthy filing delay, despite being specifically directed to do so.

Mr. Martin filed a petition for review with the full Board, which failed to address the timeliness issue. The Board denied Mr. Martin's petition on January 10, 2002 for failing to satisfy the standard of review set forth in 5 C.F.R. § 1201.115. This appeal followed.

## DISCUSSION

This court must affirm the Board's decision unless it is (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law, (2) obtained without procedure required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Walls v. Merit Sys. Protect. Bd.*, 29 F.3d 1578, 1581 (Fed. Cir.1994).

Mr. Martin, in his initial brief to this court, again failed to address the sole issue on appeal, timeliness. Mr. Martin only attempts to address the timeliness question in his reply brief with blanket statements that he "meant no disrespect to the MSPB" for failing to respond to the administrative judge's order. Mr. Martin has not shown that the Board's decision was in any way arbitrary or capricious, obtained without following proper legal procedure, or unsupported by substantial evidence. The record undeniably shows that Mr. Martin filed his appeal over eight years late without explanation. Accordingly, the final decision of the Board is affirmed.