NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3070

JOEL THOMAS STEINMETZ,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.


Joel T. Steinmetz, of Bozeman, Montana, pro se.

Richard P. Schroeder, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Brian M. Simkin, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3070

JOEL THOMAS STEINMETZ,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the Merit Systems Protection Board in DE0353050429-I-1.

_____

DECIDED:  July 10, 2008

_____

PER CURIAM.

Mr. Joel Thomas Steinmetz petitions this court for review of a decision of the Merit Systems Protection Board ("Board") dismissing his appeal on the merits and finding that the Postal Service did not violate his restoration rights.  Steinmetz v. U.S Postal Serv., 106 M.S.P.R. 277 (July 20, 2007).  We affirm.

BACKGROUND

Mr. Steinmetz is a former Parcel Post Distribution Clerk who sustained an on-the-job injury and began receiving Office of Workers' Compensation Programs ("OWCP") benefits effective August 24, 1998.  On May 18, 1999, the Postal Service offered him an OWCP-approved rehabilitation position, which he accepted on July 22, 1999.  Effective July 24, 1999, prior to reporting to his new position, the agency placed him on

administrative leave. His OWCP benefits were suspended for approximately one month while he was on administrative leave. On August 25, 1999, the agency withdrew the OWCP-approved rehabilitation position offer. The agency resumed paying OWCP benefits to Steinmetz after his administrative leave ended on August 27, 1999.

On July 11, 2005, OWCP terminated his benefits upon finding that he was fully recovered from his injury and able to perform the duties of his former position or an equivalent position. Thereafter, the agency offered him restoration under 5 C.F.R. § 353.301(b) as an employee who had fully recovered more than one year from the date his OWCP benefits eligibility began. He did not, however, accept this offer before it expired. Instead, he maintained that he was entitled to restoration under 5 C.F.R. § 353.301(a) as an employee who fully recovered within one year from the date his OWCP benefits eligibility began.

Mr. Steinmetz filed an appeal claiming that he was entitled to restoration under 5 C.F.R. § 353.301(a). After holding a hearing, the administrative judge dismissed Mr. Steinmetz's appeal for lack of jurisdiction. Thereafter, the full Board reopened the case on its own motion under 5 C.F.R. § 1201.118, reversed the jurisdictional dismissal, and dismissed the appeal on the merits. This petition for review followed.

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

We must affirm the Board's decision unless we find it to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); Walls v. Merit Sys. Prot. Bd.,

29 F.3d 1578, 1581 (Fed. Cir. 1994). "Under this standard, we will reverse the MSPB's decision if it is not supported by 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Haebe v. Dep't of Justice, 288 F.3d 1288, 1298 (Fed. Cir. 2002) (citation omitted).

On appeal, it appears that Mr. Steinmetz's principle argument is that the administrative judge and/or the Board already determined that he fully recovered in 1999 within the one year period required for restoration under 5 C.F.R. § 353.301(a). Based on the record, this assertion is incorrect. In fact, both the administrative judge and the full Board concluded that he did not show that he fully recovered within one year.

To the extent that Mr. Steinmetz is challenging whether substantial evidence supported that conclusion, he appears to argue that the rehabilitation position offer and the one month suspension of his OWCP benefits while he was on administrative leave show that he fully recovered within one year. The Board considered and rejected this argument, noting that OWCP restarted his wage-loss compensation payments after his administrative leave ended. The Board also noted that the administrative judge credited the testimony of a witness who stated that rehabilitation positions are not offered to fully recovered employees, that it is common for benefits to be temporarily suspended for employees in temporary pay status, and that employees are not considered fully recovered until a notice is issued indicating that compensation will cease based on full recovery. The Board further noted that the administrative judge found that Mr. Steinmetz failed to present any documentation showing that the temporary suspension of his benefits was based on his alleged full recovery.

Moreover, the Board considered letters written within the relevant timeframe indicating that Mr. Steinmetz was not fully recovered within a year. It considered a May 24, 1999 letter from OWCP, which indicated that OWCP did not consider Mr. Steinmetz to be fully recovered at that time and quoted 5 U.S.C. § 8106(c)(2) governing partial disability. Additionally, the Board considered a June 21, 1999 letter written by a psychologist and forwarded to the OWCP stating that Mr. Steinmetz presented "a high potential for violent acting-out" and that he should not return to work for the agency. Steinmetz, 106 M.S.P.R. at 281. Further, it considered a June 22, 1999 letter from Mr. Steinmetz informing the agency that he agreed with the psychologist that he should not return to work for the agency. In light of the foregoing, we conclude that substantial evidence supports the Board's determination that Mr. Steinmetz failed to show that he fully recovered within a year.

Finally, Mr. Steinmetz cites several cases and statutory and regulatory provisions that he claims favor his position on appeal. We have considered the cited cases and provisions, however, and we conclude that they do not support his claim that the Board applied the wrong law in determining that the agency did not violate his restoration rights.

For the aforementioned reasons, we affirm the decision of the Board.

COSTS

Each party shall bear its own costs.