NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**INEZ O. STEELE,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2013-3085

---

Petition for review of the Merit Systems Protection Board in No. AT0831110758-A-1.

---

Decided: December 9, 2013

---

LESTER B. JOHNSON, III, Lester B. Johnson, III, P.C., of Savannah, Georgia, for petitioner.

SARA B. REARDEN, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief was BRYAN G. POLISUK, General Counsel.

---

Before PROST, PLAGER, and CHEN, *Circuit Judges.*

PER CURIAM

Ms. Inez O. Steele petitions for review of a Final Order of the Merit Systems Protection Board ("the Board") dismissing her Motion for Payment of Attorney Fees as untimely. For the reasons that follow, we affirm.

BACKGROUND

Ms. Steele applied for the lump sum death benefits of a federal employee who died without a survivor and without designating a beneficiary. The Office of Personnel Management ("OPM") denied her application and authorized payment of the benefits to another applicant. Ms. Steele appealed OPM's decision to the Board and the Board reversed, ordering the agency to award the lump-sum benefits to Ms. Steele as the administrator of the estate. *Steele v. Office of Pers. Mgmt.*, No. AT-0831-11-0758-I-1 (M.S.P.B. Oct. 3, 2011) ("October Decision").

The Board indicated that its October Decision would become final on November 7, 2011. *Id.* at 7. The Board further indicated that any petition for attorney fees must be filed "no later than 60 calendar days after the date this initial decision becomes final." *Id.* at 10. Ms. Steele's attorney filed her Motion for Payment of Attorney Fees with the Atlanta Regional Office on February 23, 2012, over one-month late.

The administrative judge ("AJ") ordered Ms. Steele to explain why her untimely petition should not be dismissed. Ms. Steele responded that she needed to wait to file her motion for attorney fees until after she received her lump sum payment, which the agency had sent late.

The AJ denied Ms. Steele's motion. *Steele v. Office of Pers. Mgmt*, No. AT-0831-11-0758-I-1 (M.S.P.B. May 18, 2012). The AJ reasoned that the filing deadline for attorney fees is not related to the agency's compliance with its initial decision, and therefore Ms. Steele's explanation did not constitute good cause. *Id.* at 5. Ms. Steele asked the

Board to reconsider the AJ's decision and the Board declined to do so. *Steele v. Office of Pers. Mgmt*, No. AT-0831-11-0758-I-1 (M.S.P.B. Jan 11, 2013).

This Petition for Review followed. We have jurisdiction pursuant to 5 U.S.C. § 7703.

DISCUSSION

Our standard of review requires us to "hold unlawful and set aside any agency action, findings, or conclusions found to be--(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Ms. Steele argues that the Board's instructions regarding the time limit for filing her petition for attorney fees were unconstitutionally vague. We disagree.

The Board's October Decision stated that "[t]his initial decision will become final on *November 7, 2011*" (emphasis in original) and, under the title of "ATTORNEY FEES," stated that "[i]f no petition for review is filed, you may ask for the payment of attorney fees . . . by filing a motion with this office as soon as possible, *but no later* than 60 calendar days after the date this initial decision becomes final." October Decision at 7–10 (emphasis added). We see no ambiguity in the Board's written instructions and Ms. Steele has explained none outside of her conclusory assertions that the instructions were "vague." Given the facts of this case, Ms. Steele's arguments on this point are meritless.

Ms. Steele also argues that the Board's decision should be reversed because it improperly applied several factors for waiving an untimely filing set forth in *Alonzo*

*v. Dep't of Air Force*, 4 M.S.P.R. 180 (M.S.P.B. Nov. 24, 1980).[1]  The *Alonzo* factors include:

> [1] the length of the delay; [2] whether appellant was notified of the time limit or was otherwise aware of it; [3] the existence of circumstances beyond the control of the appellant which affected [her] ability to comply with the time limits; [4] the degree to which negligence by the appellant has been shown to be present or absent; [5] circumstances which show that any neglect involved is excusable neglect; [6] a showing of unavoidable casualty or misfortune; and [7] the extent and nature of the prejudice to the agency which would result from waiver of the time limit.

*Id.* at 184.

Ms. Steele contends that the Board excluded or ignored certain *Alonzo* factors.  Ms. Steele presumably reaches this conclusion because the Board did not explicitly address each *Alonzo* factor in its decision.  But Ms. Steele presents no authority that requires the Board to explicitly address the *Alonzo* factors one-by-one in its decision, nor does Ms. Steele persuasively argue that any explicit consideration by the Board would have resulted in a different outcome in this case.  At most, Ms. Steele argues to waive the time limit because her untimely filing was the result of her attorney's 'legal strategy' to wait to file her petition until after she received and knew her lump sum payment covered her accrued legal fees.

But Ms. Steele's so-called 'legal strategy' did not involve any circumstance "beyond [her] control," nor does

---

[1]    We have recognized the efficacy of the *Alonzo* factors for good cause determinations by the Board.  *See Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1582 (Fed. Cir. 1994).

she establish "unavoidable casualty or misfortune" or "excusable neglect." *Walls*, 29 F.3d at 1582. Since Ms. Steele apparently doubted whether she could cover her attorney fees, she had all the more reason to file her petition in a timely manner to cover for that possibility. Ms. Steele's subjective belief that she could wait past the Board's deadline to file her petition is unfortunate, but not grounds for reversal when it was so plainly contradicted by the October Decision's plain language.

## CONCLUSION

Ms. Steele raises several other arguments that are equally meritless. For the foregoing reasons, the Board is *affirmed*.

## AFFIRMED