**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

WILLIAM CRAIG MCDANIEL,
      Appellant,

      v.

DEPARTMENT OF
   TRANSPORTATION,
      Agency.

DOCKET NUMBER
PH-315H-19-0227-I-1

DATE: July 1, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>William Craig McDaniel</u>, Lawrenceburg, Tennessee, pro se.

<u>Alana Beth Kuhn</u>, Esquire, and <u>Kathryn Carroll</u>, Esquire, Washington,
   D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his appeal as untimely filed without good cause shown. On petition for review, the appellant argues that a medical condition affected his ability to timely file his appeal. Generally, we grant petitions such as this one only in the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

In finding that the appellant's appeal was untimely filed without good cause shown, the administrative judge addressed the appellant's claim that he filed his appeal 15 days after the filing deadline because he confused the 45-day time limit for filing an equal employment opportunity complaint with the 30-day time limit for filing a Board appeal. Initial Appeal File (IAF), Tab 20, Initial Decision (ID) at 2-3. The administrative judge correctly found that the appellant's explanation did not establish good cause. ID at 3; *Via v. Office of Personnel Management*, 114 M.S.P.R. 632, ¶ 7 (2010) (finding that misinterpretation or misreading the filing deadline where clear notice is provided does not show good cause to waive a filing deadline). The administrative judge did not, however, address the length of the filing delay, 15 days. Our reviewing court has held that the Board should consider the length of the delay in every good cause determination. *Walls v. Merit Systems Protection Board*, 29 F.3d 1578, 1582 (Fed. Cir. 1994). The administrative judge's error is not a basis to disturb the initial decision, however, as the Board has held that a 15-day filing

delay, while not particularly lengthy, is not minimal.[2] *Beck v. General Services Administration*, 86 M.S.P.R. 489, ¶ 7 (2000).

For the first time on petition for review, the appellant alleges that his medical condition caused the delay in filing his appeal. Petition for Review (PFR) File, Tab 1 at 5. Generally, the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016). Here, the appellant's evidence, a social worker's report made after the issuance of the initial decision, is new. However, as discussed below, it is not material because it is not of sufficient weight to warrant an outcome different from that of the initial decision. *West v. Department of Health & Human Services*, 122 M.S.P.R. 434, ¶ 6 n.2 (2015); *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

The Board will find good cause for a waiver of its filing time limits where a party shows that he suffered from an illness that affected his ability to file on time. *Braxton v. Department of the Treasury*, 119 M.S.P.R. 157, ¶ 7 (2013); *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998). To establish that an untimely filing was the result of an illness, the party must: (1) identify the time period during which he suffered from the illness; (2) submit medical or other corroborating evidence showing that he suffered from the alleged illness during that time period; and (3) explain how the illness prevented him from timely filing his appeal or requesting an extension of time. *Braxton*, 119 M.S.P.R. 157, ¶ 7. The party need not prove incapacitation during the filing period. *Id*. He need prove only that his ability to file with the Board was "affected" or "impaired" by illness. *Washington v. Department of the Navy*, 101 M.S.P.R. 258, ¶ 13 (2006).

---

[2] In the initial decision, the administrative judge identified April 7, 2019, as the deadline date for filing the Board appeal. ID at 2. That was incorrect. As the administrative judge correctly stated in an order affording the appellant an opportunity to address the timeliness of his appeal, the deadline date for filing a Board appeal was April 5, 2019. IAF, Tab 19 at 2. This error does not provide a basis to disturb the initial decision.

The appellant apparently first sought treatment on July 3, 2019, PFR File, Tab 1 at 8, after the administrative judge dismissed his appeal as untimely. IAF, Tab 21. Importantly, the medical evidence does not address how his condition, diagnosed in July 2019, prevented the appellant from timely filing a petition for appeal in April 2019. Under the facts of this case, the appellant has not shown that he suffers from a medical condition that prevented him from meeting the Board's filing time limit. *See Lacy*, 78 M.S.P.R. at 437.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

_____

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions to provide a comprehensive summary of all available review options. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C