# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANTHONY HILTON,<br>        Appellant, | DOCKET NUMBER<br>AT-0752-20-0053-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>        Agency. | DATE: July 8, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kharimah R. Dessow, Esquire, Sumter, South Carolina, for the appellant.

Brandon L. Truman, Esquire, and Roderick Eves, Saint Louis, Missouri, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as untimely filed without good cause shown. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

In a decision letter dated August 20, 2019, the agency informed the appellant that he was being removed from his position as a clerk effective August 30, 2019, for failure to be regular in attendance and failure to follow instructions. Initial Appeal File (IAF), Tab 8 at 8-11. The decision letter notified the appellant of his right to appeal the decision to the Board within 30 days of the effective date of the decision. *Id.* at 10. The appellant, through his attorney representative, appealed his removal to the Board on October 15, 2019, and he requested a hearing. IAF, Tab 1. Thereafter, the agency filed a motion to dismiss the matter and to stay the production of the agency file, contending that the appeal was untimely filed. IAF, Tab 8 at 4-6. With its motion, the agency provided U.S. Postal Service tracking slips suggesting that the appellant received the agency's decision letter on August 23, 2019. *Id.* at 13-14.

The administrative judge informed the appellant of his burden regarding timeliness and ordered him to file evidence and argument regarding the same. IAF, Tab 11 at 1-5. In response, the appellant, through his attorney

representative, acknowledged that his appeal was untimely; however, he asserted in general terms that the untimeliness was due to circumstances beyond his control, i.e., his attorney's failure to timely file on his behalf. IAF, Tab 12 at 4-5.

Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal as untimely filed. IAF, Tab 13, Initial Decision (ID) at 1, 5. In so doing, the administrative judge found that the appellant had not disputed that he had received the decision letter on August 23, 2019, and thus his appeal, filed on October 15, 2019, was 14 days late. ID at 2-3. She further found that the appellant failed to show good cause for the filing delay. ID at 3-5. To this end, she concluded that the agency's decision letter clearly stated that the appellant needed to file with the Board within 30 days of the effective date of his removal and that the mere assertion that his attorney failed to timely file his appeal, without more, did not justify waiver of the time limit. ID at 4.

The appellant has filed a petition for review, and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 3. In his petition for review, the appellant, through his attorney representative, avers that his diligent efforts to pursue his appeal were thwarted by his attorney and his attorney's paralegal. PFR File, Tab 1 at 4-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

An appeal that is not filed within the applicable time limit will be dismissed as untimely unless the appellant shows good cause for the delay. 5 C.F.R. § 1201.22(c); *see Walls v. Merit Systems Protection Board*, 29 F.3d 1578, 1581 (Fed. Cir. 1994). To establish good cause for an untimely filing, the appellant must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine if an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse

and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

Here, the appellant has not challenged, and we discern no reason to disturb, the administrative judge's conclusion that the appellant's appeal was untimely filed by 14 days. ID at 2-3; *see* 5 C.F.R. § 1201.22(b)(1). Instead, he reasserts that his untimeliness was the result of his attorney's negligence. PFR File, Tab 1 at 5. We find this contention unavailing. As set forth in the initial decision, the Board has routinely held that appellants are responsible for the actions and inactions of their chosen representatives. ID at 4; *see, e.g.*, *Sparks v. U.S. Postal Service*, 32 M.S.P.R. 422, 425 (1987). Indeed, an appellant has a personal duty to monitor the progress of his appeal and not leave the matter entirely to his attorney.[2] *See Miller v. Department of Homeland Security*, 110 M.S.P.R. 258, ¶ 12 (2008).

The appellant also asserts, for the first time, that his attorney's paralegal neglected to file his appeal as instructed by his attorney. PFR File, Tab 1 at 5. To this end, he avers that "the deliberate actions of [his] attorney's paralegal rise to the level of negligence such that the regulatory filing should be waived." *Id.* at 4. We find these assertions unavailing. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that

---

[2] The appellant asserted before the administrative judge that he had started "the process of applying for medical retirement disability," IAF, Tab 1 at 6, and he provided documents regarding his medical conditions and his applications for disability benefits associated therewith, *id.* at 7-27. The administrative judge explained that, if illness had prevented the appellant from timely filing his appeal, then he must provide the Board with additional information. IAF, Tab 11 at 3-4. The appellant did not provide any such additional information or argument. Thus, we find that the appellant has failed to demonstrate good cause for his untimely filing on the basis of illness, or mental or physical capacity. *See Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998).

it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Here, following the administrative judge's order regarding timeliness, IAF, Tab 11 at 1-5, the appellant indicated only that his attorney had failed to timely "file a reply," IAF, Tab 12 at 5. The appellant provided sparse detail regarding this failure; indeed, he made no mention of his attorney's paralegal. *Id.* at 4-5.

Moreover, even considering the appellant's arguments regarding his attorney's paralegal on review, a different outcome is not warranted. To the extent the appellant asserts that the paralegal's failure to timely file his Board appeal was a clerical error, PFR File, Tab 1 at 5, his assertion is unavailing, *see Moore v. Department of the Treasury*, 41 M.S.P.R. 35, 37 (1989) (explaining that clerical errors by an attorney's support staff do not constitute good cause for an untimely filing). To the extent he alleges that his diligent efforts to prosecute his appeal were thwarted by deception and negligence on part of his attorney and/or her paralegal, PFR File, Tab 1 at 4-5, his contentions are similarly unavailing. Although the Board recognizes a limited exception to the well-settled rule that an appellant should be held responsible for the actions and inactions of his representative when an appellant has proven that his diligent efforts to prosecute his appeal were thwarted by his representative's deception and negligence, *Miller*, 110 M.S.P.R. 258, ¶ 11, here, there is no indication that either the appellant or his attorney followed up to ensure that the appeal was actually filed until 14 days after the time limit, PFR File, Tab 1 at 4-5. The appellant avers only that he "was reassured that he would be able to meet the filing deadline"; he does not indicate that he monitored Board filings to ensure that his appeal was actually filed. *Id.* Thus, we discern no basis to disturb the administrative judge's finding that the appellant has not shown good cause for the filing delay. ID at 3-5; *see D'Aquin v. Office of Personnel Management*, 65 M.S.P.R. 499, 505 (1994) (finding that the appellant failed to show good cause for her delay in filing when she did not

inquire into the status of her appeal until after the filing deadline had passed); *cf. Dunbar v. Department of the Navy*, 43 M.S.P.R. 640, 643-45 (1990) (finding that the appellant was not bound by his attorney's actions when the appellant diligently monitored the progress of his appeal and was misinformed by his attorney that his appeal had been filed).

Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                   _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.